## RICHMOND GUANO CO. v. W. R. GRACE & CO.

(Circuit Court of Appeals, Fourth Circuit. November 7, 1922.)

No. 1994.

1. **Principal and agent ⬤➡103(7)—One acting as stevedore, weigher, and shipper held not impliedly authorized to sell goods.**

   One known to the public as stevedore, weigher, and shipper of nitrate for a corporation *held* to have no implied authority from the corporation to sell the nitrate either for himself or as agent.

2. **Commerce ⬤➡31, 40(1)—Courts ⬤➡274—Importer of nitrate held not subject to state foreign corporation law.**

   Plaintiff corporation, importer of nitrate, was engaged in foreign and interstate commerce in importing and contracting for its sale in New York and delivering it to a purchaser in Virginia or any other state from the ship or cars, and is not barred from suing in Virginia in the federal District Court on the ground that it had not complied with the Virginia foreign corporation law (Code 1919, § 3847) before doing business in that state.

In Error to the District Court of the United States for the Eastern District of Virginia, at Norfolk; Edmund Waddill, Jr., and D. Lawrence Groner, Judges.

Action by W. R. Grace & Co., a corporation, against the Richmond Guano Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Berkeley Cox and S. S. P. Patteson, both of Richmond, Va. (J. H. Rives, Jr., of Richmond, Va., on the brief), for plaintiff in error.

Edward R. Baird, Jr., of Norfolk, Va. (Baird, White & Lanning and R. Clarence Dozier, all of Norfolk, Va., and V. S. Thomas, of Wilmington, Del., on the brief), for defendant in error.

Before KNAPP and WOODS, Circuit Judges, and SMITH, District Judge.

WOODS, Circuit Judge. W. R. Grace & Co. recovered, on February 11, 1922, judgment against Richmond Guano Company for the

---

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

value of two cars of nitrate of soda alleged to have been taken from it by W. B. Tredwell and sold to the Guano Company. There are no contradictions in the testimony.

Grace & Co., Incorporated, is a large importer of nitrate of soda. W. B. Tredwell was a public stevedore, weigher, and forwarding agent in Hampton Roads. He was known in that business, and the record does not indicate that he was known to the plaintiff or defendant or any one else in any other business. Grace & Co. employed him as a stevedore, weigher, and shipper from the early part of 1915 till his discharge in September or October, 1918. The method of business was this: Grace & Co. sold to its customers from its office in New York nitrate imported in vessels owned or chartered by it. On arrival of the ships Tredwell, as the corporation's authorized customs broker, entered the cargoes at the custom house. By an oral contract he was employed by Grace & Co. to unload the cargo. He was also employed as a stevedore by the railroad company to load the nitrate on its cars at the dock. His practice was to perform this service to Grace & Co. and the railroad company by loading directly from the ship to the cars. Tredwell, under authority from Grace & Co., directed the consignment of the nitrate as he was ordered by Grace & Co. from their office in New York. This was the extent of Tredwell's employment and agency. There was no evidence that he had any other authority, or that he was in any way held out by plaintiff as having such authority to make sales or collect money.

The Rhone, a sailing vessel containing a cargo of nitrate, the property of Grace & Co. and consigned to it, arrived in Norfolk in July and the cargo was entered by Tredwell at the custom house, July 16, 1918, as the property of Grace & Co. Plaintiff, having sold the nitrate to Ætna Explosive Company and King Powder Company, directed Tredwell to consign it to them. Instead of doing so, Tredwell, after loading the nitrate on cars consigned it, on July 18th, first to Department of Agriculture, Martins warehouse, Water street. On the same day he changed the consignment to Richmond Guano Company, Richmond, Va. The order for both consignments was made by "R. E. De Jarnette per Tredwell." The shipment to Richmond Guano Company was in fulfillment of a contract of purchase made in good faith by defendant Richmond Guano Company with De Jarnette, a fertilizer broker. Defendant on July 24, 1918, received the nitrate and paid De Jarnette the full value without notice that it was the property of the plaintiff. What the arrangement was between De Jarnette and Tredwell, and what if any knowledge De Jarnette had of Tredwell's relation to the nitrate, does not appear.

Tredwell, to cover the theft, consigned to Ætna Explosives Company and King Powder Company two carloads of nitrate imported on the ship Eastern Sun by Grace & Co. for the government. The Ætna Company and the King Company received these carloads and paid Grace & Co. for them. This ruse delayed discovery for about two months. When the discovery was made in September, 1918, Grace & Co. paid over to the government the amount they had unwittingly received for its property.

[1] In its legal aspect the case is simple and the right of the plaintiff to recover does not admit of doubt. There is no evidence whatever that plaintiffs authorized Tredwell to sell its nitrate, or by any course of conduct or any single act led anyone to believe that he was authorized to sell. On the contrary, he was known to the public as a stevedore, weigher, and shipper, and not as a dealer in nitrate either for himself or as agent. Under these circumstances it seems too plain for argument that a purchaser from such a person does not acquire title against an importer and owner whose goods the stevedore, weigher, and shipper is handling in due course of business. On the merits the plaintiff's case was clearly made out and the record discloses no defense.

[2] The point was made at the trial that the plaintiff could not maintain the action because it had not complied with the law of Virginia (Code 1919, § 3847) requiring a foreign corporation to obtain a state license before doing business in the state. In the importation of the nitrate the plaintiff was engaged in foreign commerce. In contracting for its sale in New York and delivering it to the purchaser in Virginia or any other state from the ship or the cars, plaintiff was engaged in interstate commerce, beyond the control of the state. Sioux Remedy Co. v. Cope, 235 U. S. 197, 35 Sup. Ct. 57, 59 L. Ed. 193. The removal from the ship to the car and the consignment to the purchaser were necessary steps in foreign and interstate commerce.

The request to charge that Tredwell's attempted sale would bind plaintiff if it had in any manner led others to believe he had authority to sell is sound as an abstract proposition of law, but there is no evidence to which it could apply.

Affirmed.