DAKOTA PHOTO ENGRAVING CO., Respondent, v. WOODLAND, Appellant.

(236 N. W. 471.)

(File No. 6945. Opinion filed May 11, 1931.)

*Bruell & Henderson,* of Redfield, for Appellant.

*Sterling, Clark & Grigsby,* of Redfield, for Respondent.

BURCH, J. Plaintiff sues to recover from defendant a balance claimed to be due on open account. Verdict for plaintiff, and defendant appeals from the judgment and an order denying a new trial.

The issues are not as clearly defined as might be desired. Appellant is a printer located at Redfield, and the account is largely made up of plates and other articles used in the making of maps for county atlases. Appellant with one Smith was engaged in the printing of an atlas for Spink county and also an atlas for Minnehaha county. While the business was largely done by plaintiff with the defendant, it is the contention of defendant that it was understood and agreed that the atlases were to be printed by a corporation to be organized and known as the Smith-Woodland Corporation, and that the transactions were in fact made by respondent with the Smith-Woodland Corporation through appellant as the corporation's agent, and that there was no individual or personal liability contracted for or chargeable to appellant. The contract with the corporation is pleaded, although the corporation is not a party, and considerable evidence was introduced, some of which would tend to show the contract with the corporation. The evidence, however, was conflicting, and we think there is sufficient to support the verdict against appellant individually.

A number of assignments of error pertain to the receipt and rejection of evidence. We have carefully considered the evidence, and think there is no prejudicial error in any of the rulings upon the receipt or rejection of evidence. A large amount of correspondence was introduced over objection, but most, if not all, of this had some bearing upon the issues as to appellant's individual liability. No useful purpose would be attained by reviewing the evidence in detail, and, as the record is voluminous to do so would make this opinion unnecessarily long.

Another assignment seeks to raise the right of respondent, a nonresident corporation, to maintain this action in this state, because it has not complied with the laws of this state by filing a copy of its articles of incorporation and appointing a resident agent upon whom process can be served. Appellant denies that there was any contract with respondent in his individual capacity. If that is true, respondent cannot recover because it has no cause of action, and not because it has no right to sue. If the contract was, as appellant contends, a contract with the corporation, the corporation is not a party and has not raised the question. The defenses, one that no contract was made and the other that the contract was made in this state, are inconsistent, and, while they may be pleaded

under our Code, it is obvious they cannot both be proven in the same action and stand as separate facts to which the law can be applied. The verdict for respondents finds that neither defense is true. Much of the evidence consisting of correspondence is material upon the question of whether or not there was a contract binding appellant individually, and also is material upon the question of where the contract was made. There was sufficient evidence to support the verdict, and, if submitted to the jury under proper instructions, the verdict is final.

■ Several exceptions were taken to the refusal of the court to give certain requested instructions. The first requested instruction was to the effect that the mere fact that plaintiff charged defendant personally with the items did not of itself prove appellant's individual liability therefor. While this instruction is proper, its refusal was not prejudicial, for the instructions given by the court carefully outlined the issues, and the duty of the jurors in determining the facts.

■ Another instruction seeks to cover the question concerning the right of the respondent to maintain this action, and in effect asks the court to instruct the jury that, as plaintiff entered into a specific contract for the purchase and sale of the goods at Redfield, S. D., the plaintiff cannot recover as a foreign corporation, not having complied with the laws of this state. This puts in issue the place where the contract was made. It is appellant's theory that, if the contract was made at Redfield, respondent could not maintain this action in the courts of this state, because it is a nonresident corporation and has not filed a copy of its articles of incorporation with the secretary of state and appointed a resident agent upon whom service of process may be served, as required by chapter 7, P. C., sections 8900-8916, Rev. Code 1919. No instruction was given by the court covering this issue. We do not think, however, we should enter into a discussion at this time of the rights of foreign corporations to do business or maintain actions in this state. Some of the items are shown to have been furnished and charged in response to quotations and orders made or furnished by mail. The requested instruction is based upon the assumption that there was a fixed and definite contract as to all items of the entire account preventing any recovery. The jury found to the contrary, and, since the instruction does not allow for a find-

ing that any part of the account may be recovered, there was no error in refusing the request.

The other requested instructions pertain to the personal liability of plaintiff as distinguished from the liability of the corporation. There instructions we think were sufficiently covered by the court's instructions in which the court told the jury that the first matter for them to determine was whether or not the items on account were sold and delivered to the corporation or to the defendant personally, and in these instructions the court quite fully outlined the law governing. We have carefully considered the evidence and the numerous assignments of error, and are satisfied that there has been no prejudicial error disclosed by the record.

The judgment and order appealed from are therefore affirmed.

ROBERTS, WARREN, and RUDOLPH, JJ., concur.

POLLEY, P. J., not sitting.

CAMPBELL, J., dissents, being of the view that the evidence is insufficient to establish liability against appellant, Woodland, individually.