# FLORSHEIM BROS. DRY GOODS CO. *v.* LESTER.

## Opinion delivered January 5, 1895.

*Foreign corporation—Doing business in the State.*

> The taking of a single mortgage by a foreign corporation to secure a past-due debt, with no apparent intention to transact other business of the kind in the State, is not "doing business," within the meaning of Const. 1874, art. 12, sec. 11, and Acts of 1887, p. 234, sec. 1, which prohibit foreign corporations from doing business within the State before complying with the conditions therein mentioned.

Appeal from Lafayette Circuit Court.

CHARLES W. SMITH, Judge.

### STATEMENT BY THE COURT.

The appellant, a foreign corporation, organized under the laws of the State of Louisiana, and doing business at Shreveport, in said State, through its president took a mortgage from the appellees at New Lewisville, in the State of Arkansas, to secure the payment of sixteen hundred dollars, with interest, which the appellees owed it for the purchase price of goods sold them on a credit, the debt having matured at the time the mortgage was given. This suit was brought in equity to foreclose said mortgage in the Lafayette circuit court.

The defense was made that the appellant was a foreign corporation, and that it had failed to comply with section 2, art. 12 of the constitution of Arkansas, which provides that "foreign corporations may be authorized to do business in the State, under such limitations and restrictions as may be prescribed by law, provided that no corporation shall do any business in this State except while it maintains therein one or more known places of business, and an authorized agent or agents in the same, upon whom process may be served."

The act of the legislature passed in pursuance of this section of the constitution is that, " before any foreign corporation shall begin to carry on business in the State, it shall, by its certificate under the hand of the president and seal of the company, filed in the office of the Secretary of State, designate an agent, who shall be a citizen of this State, upon whom service, summons and other process may be served."   Acts of 1887, sec. 1, p. 234.

A further defense was that the suit was brought before the lapse of the time for which an extension had been given after maturity of the mortgage ; but, as there was a decision against the appellees upon this defense, and they have not appealed, no question in relation to it is before this court.   The demurrer was overruled as to the first defense.

*T. E. Webber* for appellant.

1.   The sale and shipment of the goods were interstate commerce, and the act of the legislature is void. 57 Ark. 24.

2.   The taking of a single mortgage as security for a past-due indebtedness is not "carrying on business," within the purview of the act, if it was constitutional. 113 U. S. 727 ; 54 Ark. 566 ; 57 *id.* 24.

3.   The power of a corporation to hold real estate is conceded.   4 Am. & Eng. Enc. Law, p. 230 *et seq.;* 8 *id.* p. 357, *n.* 5; 101 U. S. 352; 100 *id.* 55; 14 Pet. (U. S.), 122, 130 ; 19 Fed. Rep. 73 ; 9 Law. Rep. An. 601.   A foreign corporation may take a mortgage to secure a debt.   8 Am. & Eng. Enc. Law, p. 360, note 1.   Even though it has not complied with statutory conditions. 4 Dill. (C. C.) 287 ; 64 Ind. 5 ; 54 Ind. 270.   See also Morawetz, Priv. Corp. secs. 321, 662 and note 3 ; 47 Fed. 593 ; 101 Ind. 415.

*L. A. Byrne* for appellees.

1.   The mortgage is void, under the statute of this State.   Acts 1887, p. 234; 28 Am. &. Eng. Corp. Cases, 1 and notes; 143 U. S. 305; 54 Ark. 566.

2.   While the sale and shipment of the goods may have been interstate commerce, yet these acts were all completed.   The taking of the mortgage as security was a subsequent and independent act, and is controlled solely by the laws of Arkansas.   Hence 57 Ark. 24 does not apply.   In 54 Ark. 566, the notes and mortgage were executed and delivered in another State; in this case the mortgage was *executed, acknowledged and delivered* in Arkansas.

HUGHES, J., (after stating the facts.)   The only question in this case is whether the taking of a single mortgage in this State, by a foreign corporation, for a past-due indebtedness for goods sold in the foreign State, the domicil of the foreign corporation, is doing business in this State, within the meaning of the constitution and the act of the general assembly above quoted. There can be no doubt that the sale and shipment of the goods was interstate commerce.   It does not matter, then, how many sales and shipments there might have been; they could not be prohibited by the statute.   There is no evidence that more than one mortgage was taken by the appellant in this State.   Was the taking of this mortgage doing any business prohibited by the laws of this State to be done by a foreign corporation before complying with the provisions of the constitution and statute referred to?   If so, the mortgage cannot be enforced in the courts of this State; for, if a single act of business be done by a foreign corporation in this State, within the meaning of these provisions of the law, it is as much within the prohibition contained in them as any number of acts of business would be.   But we are of the

opinion that the taking of a single mortgage to secure a past-due debt, with no intention apparent to transact other business of the kind in the State, is not doing business within the meaning of the constitution or the statute.

There is a division of authorities on this question. But we think the better view of the question is presented in *Cooper Manufacturing Co.* v. *Ferguson*, 113 U. S. 727, in which the court said: "Reasonably construed, the constitution and statute of Colorado forbid, not the doing of a single act of business in the State, but the carrying on of business by a foreign corporation without the filing of the certificate and the appointment of an agent, as required by the statute. The constitution requires the foreign corporation to have one or more known places of business in the State before doing any business therein. This implies a purpose at least to do more than one act of business. For a corporation that has done but a single act of business, and purposes to do no more, cannot have one or more known places of business in the State. To have known places of business, it must be carrying on or intending to carry on business. The statute passed to carry the provision of the constitution into effect makes this plain, for the certificate which it requires to be filed by a foreign corporation must designate the principal place in the State where the business of the corporation is to be carried on. The meaning of the phrase 'to carry on,' when applied to business, is well settled. In Worcester's Dictionary the definition is: 'To prosecute, to help forward, to continue, as to carry on business,' etc. * * The obvious construction, therefore, of the constitution and the statute is that no foreign corporation shall begin any business in the State, with the purpose of pursuing or carrying it on, until it has filed a certificate designating the principal place where the business of the corporation is to be carried on

in the State, and naming an authorized agent, residing at such principal place of business, on whom process may be served. To require such a certificate as a prerequisite to the doing of a single act of business, when there was no purpose to do any other business, or have a place of business in this State, would be unreasonable and incongruous."

The constitution and statute of Colorado, construed in this opinion, are substantially the same as ours. The strongest case, perhaps, apparently in conflict with the case in 113 U. S. is *Farrior* v. *New England Mortgage Security Co.*, an Alabama case, reported in 28 A. & E. Corp. Cases, 2.

The demurrer to the answer of appellees should have been sustained.

The judgment is reversed, and the cause is remanded, with directions to sustain the demurrer to the answer.