PUBLICKER COMMERCIAL ALCOHOL  Co., Appellant, *v.*
ROBERT M. ROBERTS, Respondent.

(Supreme Court, Appellate Term, First Department, February
Term — Filed March, 1921.)

**Contracts — action for breach of a contract of shipment — foreign
stock corporations — interstate commerce — Stock Corpora-
tion Law, § 15.**

In an action by a foreign stock corporation for breach of a
contract of shipment from one state to another, no question
under section 15 of the Stock Corporation Law of the state
. of New York is properly in the case.

*Sioux Remedy Co.* v. *Cope,* 235 U. S. 197, followed.

APPEAL by plaintiff from a judgment of the Munic-
ipal Court of the city of New York, borough of Man-
hattan, first district, dismissing the complaint at the
close of the plaintiff's case.

Ludwig M. Wilson, for appellant.

David J. Gladstone, for respondent.

MULLAN, J.  The plaintiff, a Pennsylvania stock cor-
poration, sues for breach of a contract made by it
with defendant for the sale by the plaintiff to the
defendant, of alcohol, to be shipped from Pennsyl-
vania to the defendant in New York.  The complaint
was dismissed at the close of plaintiff's case upon the
ground that it then appeared that the contract was
made in this state, that the plaintiff was doing busi-
ness in this state, and that it had not procured the
certificate authorizing it to do business in this state
required by the provisions of section 15 of the General
Corporation Law.  The errors assigned by the plain-
tiff are that the proofs did not show that the plaintiff

was doing business in this state, that the burden was improperly placed upon the plaintiff of showing that it was not doing business in this state, and that the court allowed defendant to make one of plaintiff's witnesses, who testified concerning the sale and delivery, the defendant's witness during plaintiff's case, to show that plaintiff was doing business within this state. While we may, without expressing any opinion as to the other points, avail, in the reversal we have agreed to, more particularly of the last named ground, there is a much more serious and fundamental error not referred to either upon the trial or in the briefs here. The transaction here in question was obviously one in interstate commerce, and the United States Supreme Court has held that a statute of South Dakota, substantially similar to sections 15 and 16 of our General Corporation Law, was, in so far as it was capable of restricting or interfering with foreign or interstate commerce, repugnant to the commerce clause of the federal constitution, and thus void; and that the requirement of a certificate and the designation of an agent did unduly restrict and interfere with transactions in foreign or interstate commerce. *Sioux Remedy Co.* v. *Cope,* 235 U. S. 197. There was, therefore, no question in relation to section 15 of the General Corporation Law properly in the case.

Judgment reversed, and new trial ordered, with thirty dollars costs to appellant to abide the event.

Lehman, J., concurring in reversal, but without passing upon the right of defendant to avail himself of section 16 of the General Corporation Law.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide event.