WATSON-HIGGINS MILLING CO. *v.* ST. PAUL MILLING CO.

1. CORPORATIONS—WHEN FOREIGN CORPORATIONS AMENABLE TO PROCESS.

   Foreign corporation is amenable to process to enforce personal liability, in absence of consent, only if it is doing business within State in such manner and to such extent as to warrant inference that it is present there, and even if it is doing business within State process will be valid only if served on some authorized agent.

2. SAME—EACH CASE DEPENDENT ON FACTS.

   Whether foreign corporation is amenable to process depends on facts of each case; no general rule being applicable.

3. COMMERCE—REGULATION—INTERSTATE COMMERCE.

   Regulation of commerce between States having been committed to Congress, States are inhibited from levying direct burden on interstate commerce.

4. CORPORATIONS—FOREIGN CORPORATIONS—DOING BUSINESS WITHIN STATE—PROCESS.

   Foreign corporation not admitted to do business in State, and maintaining no office, warehouse, or stock of goods therein, and selling flour either directly or through broker handling flour of other manufacturers, was not doing business within State in such manner as to warrant inference that it was present, and therefore it was not amenable to process served on broker.

Appeal from Kent; Brown (William B.), J. Submitted October 20, 1931. (Calendar No. 35,930.) Decided December 8, 1931.

Action by Watson-Higgins Milling Company, a Michigan corporation, against St. Paul Milling Company, a Minnesota corporation. Motion by defendant to set aside service of process denied. Defendant appeals. Reversed.

As to what constitutes ''doing business,'' see annotation in 24 L. R. A. 295; 57 L. R. A. 88; 10 L. R. A. (N. S.) 693.

*Linsey, Shivel & Phelps,* for plaintiff.

*William J. Landman,* for defendant.

CLARK, J. This is appeal in the nature of certiorari to review an order denying defendant's motion to set aside service of a writ of summons for want of jurisdiction of the person of defendant, a Minnesota corporation.

It is said in *Philadelphia & Reading R. Co.* v. *McKibbin,* 243 U. S. 264 (37 Sup. Ct. 280):

"A foreign corporation is amenable to process to enforce a personal liability, in the absence of consent, only if it is doing business within the State in such manner and to such extent as to warrant the inference that it is present there. And even if it is doing business within the State the process will be valid only if served upon some authorized agent."

A review of the cases presents no better statement of the rule. It is recognized that no exact test can be prescribed but each case must stand on its own facts. *Farmers' & Merchants' Bank* v. *Federal Reserve Bank,* 286 Fed. 566.

The regulation of commerce between the States has been committed to Congress. The States are inhibited from levying a direct burden upon interstate commerce.

The defendant has not been admitted to do business in this State. It maintains neither office nor warehouse and keeps no stock of goods within this State. Defendant's flour was sold to the trade in this State either directly or by and through a flour broker handling flour of a number of manufacturers. He received from defendant a commission, nothing more. He called on the trade and solicited orders. An order was received by defendant directly from

plaintiff near April 3, 1930, and the flour shipped and received.

Defendant's broker in this territory was T. E. Vogler of Toledo, Ohio. He reported that plaintiff had complained of having trouble with the flour, and defendant, on October 9, 1930, by letter, requested plaintiff to send a sample for testing. Nothing more was done until February 6, 1931, when plaintiff sent a letter to defendant at St. Paul requesting that "your traveling representative * * * call on us as soon as possible." Defendant requested Vogler to call on plaintiff, which he did. He, without being so directed by defendant, went to Edmore, obtained samples of the flour complained of, returned to plaintiff's office where the samples were prepared for mailing, and mailed the same to defendant.

The summons was served on Vogler. Defendant, on this state of facts, was not doing business within the State in such a manner and to such extent as to warrant the inference that it was present here. If it be assumed that Vogler's call and what he did respecting the samples was fully authorized by defendant, it was merely and necessarily incident to its interstate business and a part of it.

In *Rath Packing Co. v. Cold Storage Co.*, 222 Mich. 315, the following from 14 A C. J. p. 1276 was quoted with approval:

"The courts are in agreement that the transaction in a State by a foreign corporation of acts of business, whether commercial or otherwise, which are merely incidental to the business in which such corporation is ordinarily engaged, does not constitute the doing or carrying on of business within the meaning of statutes imposing conditions, restrictions, regulations, etc., on the right of foreign corporations to do business."

See, also, *Furst* v. *Brewster,* 282 U. S. 493 (51 Sup. Ct. 295).

This case and *Harvey's Sons Manfg. Co.* v. *Sterling Materials Co.,* 247 Mich. 317, are not similar in fact and hence not in decision.

Order reversed, with costs, and remanded with direction to dismiss.

BUTZEL, C. J., and WIEST, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.