DAKOTA PHOTO ENGRAVING CO., Respondent, v. WOODLAND, Appellant.

(241 N. W. 510.)

(File No. 6945. Opinion filed March 7, 1932.)

For former opinion, see 58 S. D. 441, 236 N. W. 471.

*Bruell & Henderson,* of Redfield, for Appellant.

*Sterling, Clark & Grigsby,* of Redfield, for Respondent.

ROBERTS, J. The Dakota Engraving Company, plaintiff, is a corporation organized under the laws of the state of North Dakota, and has its principal place of business in that state. This action was instituted in the circuit court of Spink county against the defendant to recover judgment for the balance due on a account for plates, maps, and engravings which it is claimed were sold and delivered to the defendant, and is before us after further argument on resubmission, following the granting of a petition for rehearing. The former opinion of this court is reported in 58 S. D. 441, 236 N. W. 471.

Defendant in his answer denied generally the allegations of plaintiff's complaint, and as a further defense to plaintiff's cause of action alleges that the plaintiff is a foreign corporation transacting business in the state of South Dakota without complying with the foreign corporation statute of this state, and that the sales made in South Dakota were therefore void. The defendant pleads the further defense that the articles included within plaintiff's claim were in fact sold by the plaintiff to the Smith-Woodland corporation and that defendant is not personally liable for payment.

It appears from the evidence that plaintiff has its place of business at Fargo, N. D.; that a representative of the plaintiff on several occasions solicited the defendant at his place of business in Redfield and obtained orders; that plaintiff also received orders by mail from the defendant; and that the articles ordered were forwarded from plaintiff's place of business in North Dakota to the defendant at Redfield, this state. Defendant contends that an agreement was entered into for the furnishing of plates and engravings for publication of county atlases; that a fixed amount was agreed upon for the furnishing of such materials for each publi-

cation; that the evidence shows that the interstate items were paid; and that the items which entered into the agreement to furnish materials for the publication of the atlases were intrastate and void.

The evidence was submitted to the jury, which found in favor of the plaintiff. The court refused to give an instruction, requested by the defendant, that the plaintiff entered into a specific contract with the defendant for the purchase and sale of certain maps or plates of maps for atlases at Redfield, S. D., and that there could be no recovery because the plaintiff is a foreign corporation, and, not having complied with the laws of this state, could not enforce such contract. It is stated in our former opinion that the verdict of the jury on the issue where the contract was made, if submitted under proper instructions, is final, and that upon this issue the jury found against the defendant. We erred in so holding. No such issue was submitted to the jury.

The statutes of this state require that foreign corporations, with the exception of certain enumerated classes, which is not here material, before engaging in business in this state shall file copies of their articles of incorporation with the secretary of state and shall authorize service of process to be made on the secretary of state. Sections 8902, 8903, Rev. Code 1919. A foreign corporation failing to comply with such statutory requirements is subject to penalty. Section 8910, Rev. Code 1919. Section 8909, Rev. Code 1919, provides: "Every contract made by or on behalf of any foreign corporation, subject to the provisions of this chapter, affecting the personal liability thereof or relating to property within this state, before it shall have complied with the provisions of this chapter, shall be wholly void, on its behalf and on behalf of its assigns, but shall be enforcible against it or them."

■ ■ If the making of the sales were acts by which the parties were engaged in interstate commerce, the foreign corporation law of this state could have no application. Trans-Mississippi. Grain Co. v. Spracher, 47 S. D. 262, 197 N. W. 686. The question for determination is the nature of the agreements under which the sales were made, and, being a federal question, is dependent upon the interpretation of the Federal Constitution, as to which the adjudications of the Supreme Court of the United States are final.

In Federal Trade Commission v. Pacific State Paper Trade Association, 273 U. S. 52, 47 S. Ct. 255, 258, 71 L. Ed. 534, the

court said: " 'Commerce among the states is not a technical legal conception, but a practical one, drawn from the course of business.' Swift & Co. v. United States, 196 U. S. 375, 398, 25 S. Ct. 276, 280, 49 L. Ed. 518. And what is or is not interstate commerce is to be determined upon a broad consideration of the substance of the whole transaction. Dozier v. Alabama, 218 U. S. 124, 128, 30 S. Ct. 649, 54 L. Ed. 965, 28 L. R. A. (N. S.) 264. Such commerce is not confined to transportation, but comprehends all commercial intercourse between different states and all the component parts of that intercourse. And it includes the buying and selling of commodities for shipment from one state to another."

In Furst & Thomas v. Brewster, 282 U. S. 493, 51 S. Ct. 295, 296, 75 L. Ed. 478, a statute of the state of Kansas requiring foreign corporations, as a prerequisite to doing business in that state, to comply with certain statutory requirements under penalty of being unable to make enforceable contracts, was held to be in conflict with the commerce clause of the Federal Constitution (article I, § 8, cl. 3) as applied to the facts in that case. The plaintiff agreed to furnish certain products in reasonable quantities as ordered by the defendant, a resident of Arkansas. Defendant pleaded that the goods delivered were manufactured by an Illinois corporation which had not complied with the statutes of the state of Kansas, and that the plaintiffs were the agents of the Illinois corporation. In deciding the issue involved, the court, quoting in part from a prior decision, said: " 'Importation into one state from another is the indispensable element, the test, of interstate commerce; and every negotiation contract, trade, and dealing between citizens of different states, which contemplates and causes such importation, whether it be of goods, persons or information, is a transaction of interstate commerce.' Such commerce comprehends all the component parts of commercial intercourse between different states, and, according to established principle, any state statute which obstructs or lays a direct burden on the exercise of the privilege of engaging in interstate commerce is void under the commerce clause."

Shipping merchandise from one state to another upon orders of soliciting agents constitutes commerce between the states, and a foreign corporation engaged in making such shipments is not subject to conditions imposed by a state as a prerequisite to its

transacting business within the state. Leisy v. Hardine, 135 U. S. 100, 10 S. Ct. 681, 34 L. Ed. 128; Sioux Remedy Co. v. Cope, 235 U. S. 197, 35 S. Ct. 57, 59 L. Ed. 193; Dahnke-Walker Milling Co. v. Bondurant, 257 U. S. 282, 42 S. Ct. 106, 66 L. Ed. 239; see Annotation, 60 A. L. R. 994.

 The distinction between the presence of a foreign cor-. poration for service of process though doing an exclusive inter-state business and the absence for other purposes is of no consequence in the case at bar. See International Harvester Co. v. Kentucky, 234 U. S. 579, 34 S. Ct. 944, 58 L. Ed. 1479.

 Under the undisputed evidence of this case the sales were for goods from a corporation created under the laws of another state to be shipped into the state of South Dakota. It is not material whether or not the sales of the materials were made pursuant to a contract entered into within this state. Leisy v. Hardin, supra. The trial court did not err in its refusal to charge the jury as requested.

No reversible error is found in the record, and the judgment and order appealed from are therefore affirmed.

CAMPBELL, P. J., and POLLEY, WARREN, and RUDOLPH, JJ., concur.