WYMAN, PARTRIDGE HOLDING COMPANY, Appellant, v. LOWE, et al, Respondents.

(272 N. W. 181)

(File No. 7976. Opinion filed March 29, 1937)

*Williams & Sweet,* of Rapid City, for Appellant.

*Hayes & Hayes* and *John T. Heffron,* all of Deadwood, for Respondents.

WARREN, J. The plaintiff, a Minnesota corporation, instituted this action to reform and foreclose a mortgage given by the defendants William E. Lowe and Josephine Lowe, covering certain homestead real property owned by said defendants. The mortgage and accompanying note were given to the plaintiff to cover a past-due indebtedness, incurred for merchandise sold and delivered to the defendants Lowe by the plaintiff corporation. The note and mortgage above mentioned were given by the Lowes to one F. Le Roy Smith, a collector for the Associated Creditors, Inc., who was endeavoring to collect this account for the plaintiff corporation.

The indebtedness for which the note and mortgage were given was incurred by the Lowes for merchandise which they had purchased from the plaintiff corporation. The greater part of this debt was for goods purchased by the Lowes by orders given to the plaintiff corporation's traveling salesman or by direct mail order to the company. The defendants contend that a portion of said indebtedness was for certain samples, or "outs" as they were commonly known, which were purchased from the traveling salesmen of plaintiff corporation and which were delivered by said salesmen at the time of sale.

The cause was tried to the court without a jury. Upon completion of the trial, a judgment was rendered in favor of the defendant upon the grounds that the plaintiff was a foreign corporation which had done business in the state of South Dakota in violation of the statutes concerning foreign corporations and was therefore not entitled to recover, and that said note and mortgage should be surrendered for purposes of cancellation. Thereafter the plaintiff moved for a new trial, and this appeal has been taken

from the judgment and order denying plaintiff's motion for a new trial.

Appellant in this appeal has challenged the sufficiency of the evidence to support the findings of fact, conclusions of law, and judgment of the trial court, and has also assigned as error certain specific rulings and holdings of the trial court. We will concern ourselves only with the question of the sufficiency of the evidence to support the findings, conclusions, and judgment of the trial court. Appellant's various assignments of error concerning the sufficiency of the evidence are all interrelated, and, when placed together, they present the contention that the evidence is insufficient to support the findings and conclusions of the trial court to the effect that the appellant had carried on intrastate business in this state, in its sales of merchandise to the respondents and in obtaining the note and mortgage which form the basis of this suit.

██ ██ Before considering the questions presented by this appeal, it might be well to state that decisions of the United States Supreme Court are final as to what constitutes interstate commerce, Dakota Photo Engraving Co. v. Woodland, 59 S. D. 523, 241 N. W. 510, and that a determination of whether any act, or series of acts, constitutes intrastate or interstate commerce, shall be made in light of the facts and circumstances surrounding that particular transaction, Neely v. Philadelphia Inquirer Co., 61 App. D. C. 334, 62 F.(2d) 873; Watson-Higgins Milling Co. v. St. Paul Milling Co., 256 Mich. 258, 239 N. W. 295; Burnham Mfg. Co. et al. v. Queen Stove Works, Inc., 214 Iowa, 112, 241 N. W. 405.

The authorities cited by respondents each cover facts peculiar to the individual case which are different from the facts before us in the instant case. The rule of law as applied in those cases cannot therefore be applied to the set of facts before us. From the record, we believe that the cases cited by respondents are readily distinguishable from the instant case.

██ ██ In considering appellant's first contention, that the evidence is insufficient to support the finding that the appellant was engaged in intrastate commerce when it made sales of merchandise to the respondents, we find that it is unquestioned that goods sold upon orders obtained by traveling salesmen, which are shipped by the seller from without the state to the purchaser within the state,

are goods sold in interstate commerce. Dakota Photo Engraving Co. v. Woodland, 59 S. D. 523, 241 N. W. 510; Lawyers' Co-operative Pub. Co. v. Bauer, 60 S. D. 259, 244 N. W. 327. With the above ruling in mind, the only basis that can be found for the trial court's finding that the sales in question were intrastate rather than interstate commerce is that a portion of said sales were sales of samples made direct by the traveling salesmen of appellant to the respondents. We cannot agree that the sales of these samples were sales made in intrastate commerce. These samples were brought into this state by the traveling salesmen of appellant, not for the purpose of sale, but to be used in securing orders for goods sold in interstate commerce. The nature and character of a sample carried by a salesman traveling for a company located without the state, and which is used by the salesman to procure orders transmitted to and filled by the company without the state, is that of an implement of interstate commerce. The fact that some of these samples were sold direct to the respondents does not make said sale a sale in intrastate commerce and one which will label all the transactions between appellant and respondents as intrastate. Such a sale of an implement of interstate commerce is merely incidental to the main business transactions between the appellant and respondents which are concededly interstate in character. We must therefore hold that the trial court erred in finding that the appellant had engaged in intrastate business within this state when it made sales of merchandise to the respondents.

We are now confronted with the second contention of appellant, that the evidence is insufficient to support the conclusions of the trial court that the note and mortgage herein sued upon were obtained in intrastate commerce, and are therefore void. If the taking of this note and mortgage were to be considered separately and alone, there might be some basis for the conclusions of the trial court, because the evidence is somewhat in controversy as regards the fact whether the taking of this note and mortgage was completed in Deadwood or finally approved in Minneapolis. However, having held that the debt for which the note and mortgage were given arose in interstate commerce, we are influenced by the rulings to the effect that a foreign corporation may enter the state to obtain and to sue upon a note and mortgage securing a debt

which arises out of interstate commerce. See volume 17, Fletcher on Corporations, § 8424; F. A. Patrick & Co. et al. v. Deschamp, 145 Wis. 224, 129 N. W. 1096; Padgett v. Gulfport Fertilizer Co., 11 Ala. App. 366, 66 So. 866; Rose City Bottling Works et al. v. Godchaux Sugars, Inc., 151 Ark. 269, 236 S. W. 825; Furst v. Brewster, 282 U. S. 493, 51 S. Ct. 295, 75 L. Ed. 478; Sioux Remedy Co. v. Cope, 235 U. S. 197, 35 S. Ct. 57, 59 L. Ed. 193; Circular Advertising Co. v. American Mercantile Co., 66 Fla. 96, 63 So. 3; Florsheim Bros. Dry Goods Co. v. Lester, 60 Ark. 120, 29 S. W. 34, 27 L. R. A. 505, 46 Am. St. Rep. 162.

The debt having been created in the course of interstate commerce, we hold that it is permissible for appellant to come into the state to collect it in cash or by accepting a note and mortgage, and that the note and mortgage thus taken are valid and subject to enforcement.

Having held that the appellant was never engaged in anything but interstate commerce, and that its right to bring suit on the note and mortgage is therefore unquestioned, the judgment and order appealed from are hereby reversed and the cause remanded to the trial court with instructions to enter judgment in accordance with the views herein expressed.

All the Judges concur, except POLLEY, J., not sitting.