PLATTSMOUTH BRIDGE COMPANY, Appellee, v. GLOBE OIL AND REFINING COMPANY, Appellant.

No. 46169.

January 12, 1943.

Collins & Pielsticker, of Wichita, Kan., and Genung & Genung, of Glenwood, for appellant.

Cook & Cook, of Glenwood, for appellee.

Miller, J.— Plaintiff's petition asserts that it is a Delaware corporation, with its principal place of business at Omaha, Neb.; defendant is a Kansas corporation with its principal place of business at Wichita, Kan.; plaintiff owns certain real estate in Mills county, Iowa, on which it has constructed a toll bridge which extends across the Missouri River; defendant laid a pipe line across the Missouri River south of plaintiff's bridge and, without permission or authority, illegally constructed the pipe line across plaintiff's land, now illegally occupies the same and threatens to continue to do so. The prayer was that defendant be decreed to have no right to use plaintiff's property, that a mandatory writ of injunction issue requiring defendant to remove said pipe line therefrom and for general equitable relief.

The answer admitted the identity of the parties and denied all other allegations of the petition. The answer as amended

further asserted that the Missouri River is a navigable stream; defendant secured a permit from the Federal Government to cross said river; after crossing the river the pipe line was constructed across primary road 34 and under plaintiff's bridge; the toll bridge is a part of said primary road 34 and a part of the primary-road system of Iowa; defendant secured permits to cross said road 34 under plaintiff's bridge from the state highway commission and the state commerce commission; the pipe line is located under plaintiff's bridge in a strip of land between the water's edge and the meander line established by the original government survey, which strip is not susceptible of private ownership; plaintiff is not authorized to transact business in Iowa and cannot maintain this action. The prayer was that the action be dismissed.

The cause proceeded to trial. To prove title to the premises involved plaintiff introduced in evidence, identification and production being waived, the record of conveyances from the original entry and government patent to and including conveyance of certain premises by warranty deed from the Chicago, B. & Q. R. R. Co. to plaintiff. Plaintiff also introduced in evidence the record of certain litigation which included an action to quiet title and the decree entered therein. Defendant objected to the offer of the conveyances on the ground that they did not apply to or affect or convey or attempt to convey any of the land in controversy. Objection was made to the record of the action to quiet title because the State of Iowa and the United States were not parties thereto nor bound thereby. The theory of the plaintiff was that the particular tract involved herein is accretion land which was conveyed by the deeds and title thereto was quieted by the decree aforesaid. The theory of the defendant was that the strip was not accretion land and therefore the deeds and the quiet-title action did not affect the title thereto.

Henry Dean, a civil engineer, identified and explained a plat (Exhibit 1) which he had prepared of the premises involved. It shows that defendant's pipe line crosses a 100-foot strip of land which plaintiff claims to own, the point of crossing being approximately 70 feet west of the east end of plaintiff's bridge and 30 feet east of the first pier of the bridge. The plat

shows that the east bank of the Missouri River is 375 feet west of the spot where the pipe line crosses underneath plaintiff's bridge. He testified:

"Referring again to Exhibit One, this plat, Exhibit One shows that the pipeline crosses the land of plaintiff. It is shown by two parallel black lines and crosses the red shaded area on Exhibit One and runs in a northwesterly direction. It crosses under the bridge of plaintiff between the east abutment of the bridge and the first pier to the west. It is not on the bridge, it is under the bridge in a trench under the ground. It is buried in the ground underneath the bridge at a point designated on the plat, Exhibit One. * * * To get down to this land under the bridge I turned off of Highway Thirty-four and went into Mr. Richardson's driveway and through a gate to the river. This pipeline crosses 376.81 feet east of the east bank of the Missouri River if I added it correctly, and at that point under the bridge there is no method of crossing the Missouri River. I would say it is approximately fifty feet from the ground at that point to the end of the bridge."

On cross-examination, he testified:

"I said the pipeline was 376.81 feet east of the bank of the river on the section line. The bank is nearly straight up and down at that particular point, that is the water's edge. When I was there, with reference to this pipeline, the water was all over it, I could not tell how much. I did not measure it but it was completely covered, possibly four or five feet of water. I would not say how much. The water was flowing over against the fill of the east abutment of the bridge, the tow of the fill. At that time the river was at high water or flood stage."

R. A. Leussler, plaintiff's vice-president and general manager, testified that plaintiff did not give defendant any authority or any easement to lay a pipe line in the ground underneath its bridge. H. A. Schneider, plaintiff's president, testified that defendant's representative was told that plaintiff's board of directors did not want the pipe line under its bridge, but, notwithstanding, the pipe line was laid under the bridge at night by stealth.

Defendant introduced in evidence permits from the Iowa Commerce Commission, Iowa State Highway Commission, and the United States for the laying of its pipe line, photostatic copy of the original survey of the section herein involved, and the right-of-way map of U. S. Highway No. 34. S. P. Redfearn, defendant's civil engineer, testified concerning the laying of the pipe line. He located it under plaintiff's bridge 32 feet east of the last abutment to the east. He saw the ditch dug. He testified:

"The ditch was dug, however, under the bridge by hand. I saw the ditch before it was covered up. I saw the soil that came out of the ditch, it had some sand and clay or gumbo whatever you call it. From my observation of it, the ditch was dug through original ground."

In rebuttal, plaintiff recalled Henry Dean, who identified a plat prepared by his father, Seth Dean, at that time county surveyor, in February 1895, which was filed March 9, 1895, with the county auditor. The certificate thereto provides:

"I hereby certify that this map by the lines, numbers and letters shown thereon, correctly represents the present location of the main channel of the Missouri River along the · west boundary of Platville Township, Mills County, Iowa, and that the form and area of the several fractional tracts of land bordering thereon subject to taxation according to my survey made February 18, 1895, under an order of the Board of Supervisors of said county passed in January, 1895. Glenwood, Iowa, March 9, 1895. Seth Dean, County Surveyor."

Defendant objected to the plat, as incompetent, irrelevant, and immaterial and the witness incompetent and the exhibit incompetent. It shows an area of about 32 acres between the meander line of 1851 and the meander line of 1895 which is marked "accretion." Henry Dean located the spot where defendant's pipe line crosses under plaintiff's bridge as being all within the area marked "accretion."

Defendant, in surrebuttal, called Charley Richardson who testified that he is 52 years old and has been familiar with the locality for the past 40 years. He testified:

"I would say that the ground where the east abutment and the next pier west of the Plattsmouth Bridge is the original ground and has been original ever since I can remember, and during all that time that I have known that location I have never known it to wash out."

On cross-examination he testified:

"I had occasion today for the first time to check the location of the pier.. This east pier, since the time that I helped build the bridge in 1930, I don't know whether the top soil there was fill soil or not, I couldn't say how it ever got there, I don't know and I would not say that it was fill soil or that it had been there two thousand years."

The court's decree determined that plaintiff is the owner of the strip of land here in controversy, stating:

"That the land of plaintiff where it is crossed by defendant's pipeline, lies between the United States Government meander line of 1851 and the present east bank of the Missouri River, and is land which accreted to Lot No. 4 of Section 26 Township 72, Range 44, Mills County, Iowa. * * * Plaintiff's grantors owned Lot 4 of Section 26. They were riparian owners, and the present land above described owned by the plaintiff between the meander line of 1851 and the present east bank of the Missouri River is ground gained by alluvion, and is, therefore, accretion land to Lot 4 of said Section 26 (see Kraut vs. Crawford, 18 Iowa 549, and subsequent cases)."

The court further determined that defendant's pipe line was laid across plaintiff's land without permission, at night and with stealth, that the permits from the United States, the Iowa highway commission, and commerce commission do not aid defendant, plaintiff is engaged in interstate commerce and not precluded by section 8427, Code, 1939, from maintaining this action, the laying of defendant's pipe line across plaintiff's land was and is a continuing illegal trespass and defendant's pipe line should be ousted therefrom. Defendant was permanently enjoined from using plaintiff's land for its pipe line and was

ordered to remove the same therefrom. Defendant appeals, asserting eight propositions for reversal.

I. The first five propositions asserted by defendant all challenge the correctness of the court's finding that the strip of land in controversy is accretion land constituting plaintiff's private property. This presents a disputed question of fact for us to determine. We agree with the trial court and find no merit in defendant's contentions.

█ Plaintiff relies upon the plat of Seth Dean and the provisions of sections 5482 and 5486, Code, 1939. Defendant contends that the plat was made under the law as stated in the Code of 1873 and that the present statutes are not applicable. Section 369, Code, 1873, provided:

"The county surveyor shall make all surveys of land within his county which he may be called upon to make, and his surveys shall be held as presumptively correct."

The certificate of Seth Dean states that the plat shows the main channel of the Missouri River along the west boundary of Mills county and the area of the fractional tracts of land bordering thereon subject to taxation under order of the board of supervisors of said county. The strip in question would not be subject to taxation unless it were accretion land. The statute authorized the survey and the facts shown by the plat were required by the survey. Since the taxing body represents the state, under section 5486, Code, 1939, the plat is presumptive evidence that the strip of land is private property and not publicly owned. It was properly identified, is more than 30 years old, and was competent as an ancient document. Bidwell v. McCuen, 183 Iowa 633, 640, 166 N. W. 369; Bergman v. Carson, 226 Iowa 449, 452, 284 N. W. 442; McKee v. Pennsylvania R. Co., 255 Pa. 560, 100 A. 454. As opposed to this plat, defendant produced two witnesses who were of the opinion that the strip was original ground and the testimony of Henry Dean on cross-examination that the strip was under water at flood stage. Such testimony is not persuasive. We agree with the finding of the trial court.

█ II. Defendant's sixth and seventh propositions assert

that the bridge is a part of a public highway and, accordingly, the permit of the highway commission was sufficient authority for it to lay the pipe line across plaintiff's land. Without deciding whether or not plaintiff's bridge is a part of the primary highway system, we are satisfied that the land in question is private property of the plaintiff. In re Appeal of Dubuque Bridge Comm., 232 Iowa 112, 5 N. W. 2d 334. Defendant could not take plaintiff's property or any part of it for public use without just compensation and due process of law. Section 8338.46, Code, 1939, gives the defendant the right of eminent domain. We need not determine whether the statute is sufficient to warrant the taking of plaintiff's property because no attempt was made to exercise such right by the defendant. Plaintiff's private property can be legally taken only by purchase or through the exercise of the right of eminent domain. The method used herein was illegal.

III. Defendant's final proposition asserts that, since plaintiff is not authorized to do business in this state, sections 8427 and 8429, Code, 1939, prohibit the bringing of this action. The trial court held otherwise and correctly so. Plaintiff is engaged in interstate commerce. The restrictions of the statutes do not apply to it. Palmer v. Aeolian Co., 8 Cir., Iowa, 46 F. 2d 746; Sioux Remedy Co. v. Cope, 235 U. S. 197, 35 S. Ct. 57, 59 L. Ed. 193.

Although we find no merit in defendant's contentions, one provision of the decree should be modified. The decree granted defendant until noon of September 22, 1942, to comply with its provisions. That time having expired, defendant is now granted 60 days after the issuance of procedendo by this court herein within which to comply with the decree. In all other respects the decree is—Affirmed.

GARFIELD, C. J., and WENNERSTRUM, HALE, OLIVER, MULRONEY, SMITH, and BLISS, JJ., concur.

MANTZ, J., takes no part.