WATKINS COMPANY, Respondent v. DUTT et al., Appellants

(173 N.W.2d 41)

(File No. 10638.  Opinion filed December 11, 1969)

**Orville W. Robbins,** Selby, for plaintiff and respondent.

**Neumayr & Jones,** Gettysburg, for defendants and appellants.

WUEST, Circuit Judge.

This is an action by the plaintiff against defendant, Dutt, for merchandise purchased, and defendants, Roy and Adeline Swingler, as sureties guaranteeing payment. The plaintiff is a Delaware corporation with its principal place of business at Winona, Minnesota. Defendants are residents of South Dakota.

Prior to August 30, 1965, plaintiff was not licensed to transact business in South Dakota, as provided by SDC 11.21. A purchase and surety agreement was executed by the parties in November 1962 at Winona, Minnesota. Between November 29, 1962 and April 20, 1965, plaintiff shipped its goods as ordered by Dutt. In January 1965 defendant Dutt quit business as a dealer and notified plaintiff who terminated his dealer's contract. Thereafter, Dutt returned his stock of goods and merchandise on hand to plaintiff and on September 27, 1965 there was a balance due and owing plaintiff by Dutt of $4,931.46. A demand was made on defendants, Roy and Adeline Swingler, on June 15, 1965 for payment of the balance due, but no part thereof was paid.

This action followed and the trial court entered judgment against defendants, Dutt and the Swinglers, for the balance due. It was the claim of the defendants in the lower court that the provisions of SDC 11.2103 precluded the plaintiff from maintaining the action. This section provides:

"Every contract made by or on behalf of any foreign corporation, subject to the provisions of this title affect-

ing the personal liability thereof or relating to property within this state, before it shall have complied with the provisions of this title shall be wholly void on its behalf and on behalf of its assigns but shall be enforceable against it or them."*

We held in American Copying Co. v. Eureka Bazaar, 20 S.D. 526, 108 N.W. 15, 9 L.R.A.,N.S., 1176, that the right of action is lost unless the statute was complied with before the contract sought to be enforced was entered into.

██ ██ Under the commerce clause of the United States Constitution, Art. 1 § 8, cl. 3, no state statute may obstruct or burden the exercise of the privilege of engaging in interstate commerce. Whether a transaction is in interstate commerce is dependent upon the interpretation of the Federal Constitution and upon that question, the determination of the United States Supreme Court is final. Oskey Brothers Petroleum Corporation v. Gorder, et al., 79 S.D. 168, 109 N.W.2d 893.

Defendants do not deny that if the transactions between the plaintiff and Dutt involved interstate commerce, then SDC 11.2103 would not apply. They claim, however, that the plaintiff's business transactions were not interstate commerce, but plaintiff was actually doing business in South Dakota because: (1) There was an agency relationship between plaintiff and defendant, Dutt; (2) Notwithstanding the agency issue, the activities of the plaintiff and its employees within the State of South Dakota, amounted to doing business or intrastate activity, therefore subject to SDC 11.2103.

We first consider whether there was an agency relationship between plaintiff and Dutt. The trial court concluded that the contract of purchase was a sales contract and no agency relationship existed.

---

* Attention is called to the second paragraph of § 135, Ch. 22, 1965 Session Laws where SDC 11.21 is repealed after June 30, 1966 and the repeal of that paragraph of § 135 by § 3 of Ch. 20, 1966 Session Laws, and finally the amendment of § 141, Ch. 22, 1965 Session Laws, which specifically repealed SDC 11.21 as amended; as these repeals, etc. occurred after the sales of merchandise for which plaintiff sues they do not affect these sales.

■■ There were facts put in evidence by both sides which tended to prove or disprove an agency relationship. Whether an agency has in fact been created, is to be determined by the relations of the parties as they exist under their agreements or acts. It is a legal concept which depends upon the existence of required factual elements: The manifestation by the principal that the agent shall act for him, the agent's acceptance of the undertaking, and the understanding of the parties that the principal is to be in control of the undertaking. Buck v. Nash-Finch Company, 78 S.D. 334, 102 N.W.2d 84.

■ The trial court found as a factual matter that an agency did not exist. It is not within our province to disturb the findings of the trial court unless the evidence preponderates against its determination. Ward v. Melby, 82 S.D. 132, 142 N.W.2d 526. A careful examination of the record herein, convinces us we are unable to do so in this case. The record, when viewed in a light favorable to the court's determination, furnishes ample support for its findings.

As to defendant's second contention, the Watkins Company employed three salaried full time employees known as fieldmen who lived and worked within South Dakota. Those fieldmen assisted dealers, such as Dutt, in all types of problems. They assisted new dealers by showing them how to pack their cases, how to organize their stock and call on customers. Agricultural meetings were called by a dealer and a fieldman or someone from the company at Winona usually attended such meetings where various livestock programs were explained to prospective customers. Each fieldman worked with approximately 25 area dealers and may have called on as many as two to six dealers per week. Service calls with the dealer occupied much of the fieldmen's work during the day. They also recruited new dealers.

Watkins Company maintained a booth at the South Dakota State Fair at Huron, South Dakota, to display their products. Fieldmen throughout the state attended this booth, as did many dealers.

Dealer conferences are held every two months, where employees of Watkins stressed sales promotion of patent medicines, spices, fly spray, and other products. There were no charges to the dealers for the services by fieldmen and other Watkins employees; however, the fieldmen were paid a 2% commission on sales exceeding $125,000 in his area.

The appellants cite the cases of J. R. Watkins Co. v. Stanford, La.App., 52 So.2d 325, and Marcus v. J. R. Watkins Co., 279 Ala. 584, 188 So.2d 543, wherein the Supreme Courts of Louisiana and Alabama held under factual situations similar to this case, the Watkins Company was doing business in those states without being qualified as a foreign corporation, and were precluded under provisions similar to SDC 11.2103 from maintaining an action for recovery of merchandise. Those opinions do not discuss nor make reference to the commerce clause of the United States Constitution. In the case at Bar, the issue of interstate commerce has been raised for our determination.

The goods sold to Dutt were shipped by plaintiff from Winona, Minnesota, to Dutt in South Dakota, with the exception of some cattle oilers that were on order from plaintiff, shipped direct to Dutt from the manufacturer (a company other than plaintiff) from Philip, South Dakota. The action is for the interstate sale of goods, not intrastate activities or sales.

> " 'Importation into one state from another is the indispensable element, the test, of interstate commerce; and every negotiation, contract, trade, and dealing between citizens of different states, which contemplates and causes such importation, whether it be of goods, persons, or information, is a transaction of interstate commerce.' Such commerce comprehends all the component parts of commercial intercourse between different states, and, according to established principle, any state statute which obstructs or lays a direct burden on the exercise of the privilege of engaging in interstate commerce is void under the commerce clause."

Furst v. Brewster, 282 U.S. 493, 51 S.Ct. 295, 296, 75 L.Ed. 478; Dakota Photo Engraving Co. v. Woodland, 59 S.D. 523, 241 N.W. 510; and quoted in Oskey Brothers Petroleum Corporation v. Gorder, 79 S.D. 168, 109 N.W.2d 893.

■ Assuming the activities of the fieldmen constituted doing business within South Dakota, nevertheless the interstate sale of goods was interstate commerce which could not be burdened or obstructed by the provisions of SDC 11.2103. International Text-book Co. v. Pigg, 217 U.S. 91, 30 S.Ct. 481, 54 L.Ed. 678. See also Furst v. Brewster, 282 U.S. 493, 51 S.Ct. 295, 75 L.Ed. 478; Sioux Remedy Co. v. Cope, 235 U.S. 197, 35 S.Ct. 57, 59 L.Ed. 193; and Eli Lilly and Co. v. Sav-On-Drugs, Inc., 366 U.S. 276, 81A S.Ct. 1316, 6 L.Ed.2d 288; Trans-Mississippi Grain Co. v. Spracher, 47 S.D. 262, 197 N.W. 686.

■ When a corporation goes into a state other than that of its origin to collect, according to the usual or prevailing methods, the purchase price of merchandise which it has lawfully sold therein in interstate commerce, it is there for a legitimate purpose of such commerce, and that state cannot, consistently within the limitations arising from the commerce clause, obstruct or hamper the attainment of that purpose. Sioux Remedy Co. v. Cope, 235 U.S. 197, 35 S.Ct. 57, 59 L.Ed. 193; Wyman, Partridge Holding Co. v. Lowe, 65 S.D. 139, 272 N.W. 181.

The judgment is affirmed.

All the Judges concur.

WUEST, Circuit Judge, sitting for HOMEYER, J., disqualified.