HOREIS, Appellant, v. RANGE, Respondent.

(197 N. W. 686.)

(File No. 5430.   Opinion filed March 7, 1924.)

1. **Libel and Slander — Evidence — Charge of Crime Constituting Slander Held Not Shown.**

   Proof that defendant, with whose daughter plaintiff had been keeping company, ordered plaintiff off the place, and said, "You have sneaked away Ethel, have seduced her, ruined her, and ruined my family," held not to charge a crime so as to constitute slander under Rev. Code 1919, Sec. 98, subd. 1.

2. **Libel and Slander—Fornication—Criminal Law—Not Crime in South Dakota.**

   Fornication is not a crime by statute in South Dakota.

3. **Appeal and Error—Theory of Case—Theory on Which Case Was Tried Below Adhered To on Appeal.**

   Where an action for damages for slander has been tried solely on the theory that the alleged slanderous words constituted a charge of crime under Rev. Code 1919, Sec. 98, subd. 1, the court on appeal is not required to determine whether the language used might have constituted slander under some other subdivision.

Appeal from Circuit Court, Turner County; Hon. L. L. Fleeger, Judge.

Action by William Horeis against Christ Range. Judgment for defendant, and plaintiff appeals from judgment and order denying new trial. Judgment and order affirmed.

*Mundt & Mundt,* of Sioux Falls, for Appellant.

*Bogue & Bogue,* of Parker, for Respondent.

GATES, J. This is an action for damages for slander. Plaintiff had been keeping company with defendant's daughter, Ethel. On July 16, 1919, plaintiff called at defendant's home at about 7:30 p. m. Defendant came out of the house and told plaintiff to get off the place, and said: "You have sneaked away Ethel, have seduced her, ruined her and ruined my family." Plaintiff testified that this was uttered in the hearing of defendant's wife, who was about 25 feet distant, a son of defendant, who was 25 or 30 feet away, and another son of defendant was was 150 feet distant. The uncontradicted evidence showed that the accusation was false. The trial court directed a verdict for defendant. From the judgment and an order denying a new trial plaintiff appeals.

Section 98, Rev. Code 1919, provides:

"Sec. 98. Slander is a false and unprivileged publication, other than libel, which:

"1. Charges any person with crime or with having been indicted convicted or punished for crime;

"2. Imputes to him the present existence of an infectious, contagious or loathsome disease;

"3. Tends directly to injure him in respect to his office, profession, trade, or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession trade or business that has a natural tendency to lessen its profit;

"4. Imputes to him impotence or want of chastity; or,

"5. Which, by natural consequence, causes actual damage."

[1] Appellant urges that the language used by respondent charged him with the commission of a crime under subdivision 1 of said section. Respondent contends that no cause of action is stated under subdivision 1, and that there was no proof of a publication of the slander, in that there was no proof that the language was heard by any one except the appellant and respondent.

[2, 3] It is clear that there was no allegation or proof that respondent was guilty of crime. It was not alleged or proved that appellant had committed rape, nor that he had committed seduction for prostitution (section 4101, Rev. Code 1919), nor that he had committed abduction (section 4102, Rev Code 1919), nor that he had committed seduction under promise of marriage (section 4103, Rev. Code 1919). Fornication is not made a crime by the statutes of this state. Inasmuch as appellant tried the case in the trial court solely on the theory that the slanderous words charged him with the commission of a crime, and inasmuch as he has also presented the case to this court solely upon that issue, we do not decide whether a cause of action was proven under subdivision 4 of said section 98.

The judgment and order appealed from are affirmed.

Note.—Reported in 197 N. W. 686. See, Headnote, American Key-Numbered Digest, (1) and (2), Libel and Slander, Key-No. 7(18), 25 Cyc. 315 (1924 Anno.); (3) Appeal and error, Key-No. 171(1), 3 C. J. Sec. 584.

On question of words used merely as words of abuse as slander, see note in L. R. A. 1917D, 205.

On truth of charge of adultery or fornication as a defense to a civil action for libel or slander, see 31 L. R. A. (N. S.) 146.

On Rev. Code 1919, Sec. 98, see annotations Kerr's Cyc. Codes, 1920, Civ. Code, Sec. 46.