## TRANS-MISSISSIPPI GRAIN CO., Respondent, v. SPRACHER et al Appellants.

### (197 N. W. 686.)

(File No. 5475.   Opinion filed March 7, 1924.)

1. **Commerce—Interstate Commerce—Foreign Corporations — Contract for Sale of Oats Held One of "Interstate Commerce"**

   A contract for the sale of oats to be shipped from points in Iowa or S. Dakota, and providing for a certain price at "track, St. Louis," same "to be shipped from the stations and via route taking transit at Burlington for St. Louis," held one calling for interstate shipments and not within foreign corporation law (Rev. Code 1919, Sec. 8902).

2. **Corporations—Foreign Corporations—Actions—Foreign Corporation Law Inapplicable to Transactions in Interstate Commerce.**

   Provisions of the foreign corporation law, requiring compliance therewith by foreign corporations in order to bring suit in this state, do not apply to transactions in interstate commerce.

Appeal from Circuit Court, Minnehaha County; HON. JOHN T. MEDIN, Judge.

Action by the Trans-Mississippi Grain Company against William A. Spracher and L. B. Spracher, copartners, doing business as L. B. Spracher & Co.   From a judgment for plaintiff and order denying new trial, defendants appeal.   Affirmed.

*Caldwell & Caldwell,* of Sioux Falls, for Appellants.

*Bailey & Voorhees* and *C. R. Keister,* all of Sioux Falls, for Respondent.

Appellant cited: Rev. Code 1919, Secs. 8902, 8909; International Textbook Company v. Pigg, 217 U. S. 91, 54 L. ed. 678, 14A C. J. Sec. 3992; Tripp State Bank v. Jerke (S. D.), 188 N. W. 314; Hooper v. State of California, 155 U. S. 648, 39 L. ed. 297; Hatch v. Rierdon, 184 N. Y. 431; Hatch v. Rierdon, 204 U. S. 152, 9 Ann. Cas. 736; Dahnke-Walker Milling Company v.

Bondurant, 257 U. S. 280, 66 L. ed. 239; Eureka Pipe Line Co. v. Hallanan, 257 U. S. 264, 66 L. ed. 227; United Fuel Gas Co. v. Hallanan, 257 U. S. 277, 66 L. ed. 234; American Steel & Wire Co. v. Speed, 192 U. S. 500, 48 L. ed. 538; Texas Oil Co. v. Brown, 66 L. ed. 428, 258 U. S. 466, 66 L. ed. 721.

Respondent cited: Farmers' Grain Co. v. Langer, 273 Fed. 635, 42 Sup. Ct. 244, 268 U. S. 50; Logan-Pocahontas Fuel Co. v. Van Camp (Tex.), 246 S. W. 433; Dahnke-Walker Milling Co. v. Bondurant, 257 U. S. 282.

GATES, J.   Plaintiff's main office is at Omaha, Neb.   It maintains a branch office at Ft. Dodge, Iowa.   Defendants reside at Sioux Falls, South Dakota.   Plaintiff's Ft. Dodge manager telephoned to a grain company at Sioux Falls making a bid for oats.   This offer was communicated to defendants.   Defendants telephoned an acceptance.   Plaintiff then mailed to defendants its written confirmation of the purchase as follows:

"Omaha, Nebraska, July 21, 1922.

"L. B. Spracher & Company, Sioux Falls, South Dakota— Dear Sir: We have the pleasure of confirming purchase from you today, through Fort Dodge, of 6,000 bushels No. 3 or better white oats at 35¾ cents, track, St. Louis, Missouri, Burlington weights and inspection August-September shipment.   Bill grain as follows: Trans-Mississippi Grain Company, Burlington, Iowa.   Draft with B-L on us at Omaha, Nebraska.   To be shipped from the stations and via route taking transit at Burlington for St. Louis.

"Yours truly,

"Trans-Mississippi Grain Company,

"Per E. J. W."

Defendants signed and returned the confirmation, but erased the word "St. Louis, Missouri," in the clause "track, St. Louis, Missouri," and substituted the words "Chicago frt" therefor, but defendants thereafter agreed to the original confirmation.   Defendants shipped one carload of 51,020 pounds from Sibley, Iowa, to Burlington, Iowa, but billed it at 80,000 pounds, and plaintiff paid for 80,000 pounds.   No further shipments were made.   The complaint states two causes of action:   One for the recovery of the overpayment; the other for damages for the breach of the contract.   At the conclusion of the trial both parties having moved

for a directed verdict, the trial court made findings of fact and conclusions of law for plaintiff on both causes of action. Defendants appeal from the judgment and from an order denying new trial.

[1] The only point presented by appellants to this court for consideration is that plaintiff, a Nebraska corporation, had not complied with our foreign corporation law and therefore could not recover in this action, because the transaction was the transaction of business in this state. Rev. Code 1919, § 8902. Respondent contends that the transaction was one in interstate commerce.

While the particular point. or points from which the shipments were to be made were not specified in the confirmation, it appears from the evidence that points either in Iowa or South Dakota must have been contemplated by the parties. From the words "track, St. Louis, Missouri," it is clear that the contemplated terminus was St. Louis. . From the clause "To be shipped from the stations and via route taking transit at Burlington for St. Louis," interstate shipments were necessarily contemplated. We do not deem it necessary to state the details of the respective arguments. It is clear to us that the contract was one calling for shipments in interstate commerce, and the mere fact that the shipment from Sibley, Iowa, to Burlington, Iowa, was not traced further does not alter the situation. Lemke v. Farmers' Grain Co., 258 U. S. 50, 42 Sup. Ct. 244, 66 L. ed. 458; Dahnke-Walker Milling Co. v. Bondurant, 257 U. S. 282, 42 Sup. Ct. 106, 66 L. ed. 239.

[2] This being a transaction in interstate commerce, our foreign corporation law does not apply. Sioux Remedy Co. v. Cope, 235 U. S. 197, 35 Sup. Ct. 57, 59 L. ed. 193.

The judgment and order appealed from are affirmed.

Note.—Reported in 197 N. W. 686. See, Headnote, American Key-Numbered Digest, (1) Commerce, Key-No. 40(1), 12 C. J. Secs. 25, 153; Corporations, 14A C. J. Sec. 3993; (2) Corporations, Key-No. 661(2), 14A C. J. Sec. 3992.