# FURST AND THOMAS, PARTNERS, *v.* BREWSTER
## ET AL.

No. 76.   Argued January 27, 28, 1931.—Decided February 24, 1931.

*Mr. Frank F. Nesbit*, with whom *Mr. M. Danaher* was on the brief, for appellants.

No appearance for appellees.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

The plaintiffs, copartners, doing business in Freeport, Illinois, brought this suit in the Circuit Court of Bradley County, Arkansas, against James G. Brewster, of Warren, Arkansas, to recover for goods sold and delivered to him pursuant to a contract, the performance of which was alleged to have been guaranteed by the defendants E. A. Davis and H. M. Beaty. By the terms of the contract, the firm of Furst & Thomas agreed to sell and deliver to Brewster, on board cars at Freeport, Illinois, or at their option at their nearest branch warehouse, at their current wholesale prices, their products in reasonable quantities as ordered by him, so long as the contract was in force and his account was in a satisfactory condition. Furst & Thomas agreed to give to Brewster free advice as to the best methods of selling to consumers the goods purchased by him under the contract. Brewster agreed to pay Furst & Thomas the regular wholesale prices, with specified discounts, the payments to be made weekly according to his cash sales and collections. On the termination of the contract, Brewster was to have the privilege of returning to Furst & Thomas his stock of unsold goods. The defendants pleaded that the goods delivered by the

plaintiffs to Brewster were manufactured by a corporation, the Furst-McNess Company, organized under the laws of Illinois, with its principal place of business in Freeport, Illinois; that in making the contract, and the deliveries of goods thereunder, Furst & Thomas acted as the agents of the Furst-McNess Company, and that the Furst-McNess Company had failed to comply with the statute of Arkansas, pertaining to foreign corporations, by filing a copy of its charter and a statement of its assets and liabilities, by designating its general offices in the State of Arkansas, and by designating an agent for the service of process in that State. It was alleged that, in consequence, this suit could not be maintained, as the statutes of Arkansas expressly forbade it.[1]

---

[1] The statutory provisions thus invoked are found in §§ 1826 and 1832 of Crawford & Moses Digest of the Statutes of Arkansas (Acts 1907, p. 744) which provide as follows: " 1826. Every company or corporation incorporated under the laws of any other State, Territory, or country, including foreign railroad and foreign fire and life insurance companies, now or hereafter doing business in this State, shall file in the office of the Secretary of State of this State a copy of its charter or articles of incorporation or association, or a copy of its certificate of incorporation, duly authenticated and certified by the proper authority, together with a statement of its assets and liabilities and the amount of its capital employed in this State, and shall also designate its general office or place of business in this State, and shall name an agent upon whom process may be served.

" 1832. Any foreign corporation which shall fail to comply with the provisions of this act, and shall do any business in this State, shall be subject to a fine of not less than $1,000.00, to be recovered before any court of competent jurisdiction, and all such fines so recovered shall be paid into the general revenue fund of the county, in which the cause of action shall accrue, and it is hereby made the duty of the prosecuting attorneys to institute said suits in the name of the State, for the use and benefit of the County in which the suit is brought, and such prosecuting attorney shall receive as his compensation one-fourth of the amount recovered; and as an additional penalty any foreign corporation which shall fail or refuse to

At the trial the terms of the contract, as above stated, and the transactions under it, were shown. It appeared that Furst & Thomas did business at Freeport, Illinois; that they received at that place orders from the defendant Brewster; and that the goods so ordered were shipped to Brewster at Warren, Arkansas, from the branch warehouse of Furst & Thomas at Memphis, Tennessee. The goods thus shipped had been obtained by Furst & Thomas in Illinois from the Furst-McNess Company, an Illinois corporation doing business at Freeport, Illinois. It was admitted that this corporation had not been authorized to do business under the laws of Arkansas. Evidence was also introduced for the purpose of showing that Furst & Thomas were agents of the Furst-McNess Company and to support the contention that the transactions between Furst & Thomas and the defendant Brewster under the contract in suit were those of principal and agent.

The evidence was submitted to the jury upon the question of agency. The court refused to give the instruction, which the plaintiffs requested, that the statutes of Arkansas (*supra*) had no application, for the reason that, if applied, they would contravene Article 1, section 8, clause 3, of the Constitution of the United States giving to the Congress power to regulate commerce among the States. The jury found in favor of the defendants. A motion to set aside the verdict upon the ground, among others, of error in refusing the request above-mentioned, was denied. The Supreme Court of Arkansas affirmed the judgment, following its earlier decision in a similar case (*Furst & Thomas* v. *Hartzell*, 172 Ark. 1118), where it

file its articles of incorporation or certificate as aforesaid can not make any contract in this State which can be enforced by it either in law or in equity, and the complying with the provisions of this act after the date of any such contract, or after any suit is instituted thereon, shall in no way validate said contract."

was held that the determinative question was whether the relationship between the parties was that of vendor and vendee or principal and agent; that the contract in suit was ambiguous and that it was proper to submit the question of the effect of the contract to a jury for its determination. *Furst & Thomas* v. *Brewster*, 180 Ark. 1167; 21 S. W. (2d) 863. The plaintiffs bring their appeal to this Court, contending that the statutory provisions in question, as they have been applied by the state court, are repugnant to the commerce clause of the Federal Constitution.

The question is not as to sales made by Brewster in Arkansas, but as to the transactions between Brewster and Furst & Thomas. These transactions were clearly in interstate commerce, whether or not Furst & Thomas were agents of the Furst-McNess Company, and whether or not Brewster was an agent of Furst & Thomas. In pursuance of orders sent by Brewster in Arkansas to Furst & Thomas in Illinois, goods were shipped to Arkansas from the branch warehouse of Furst & Thomas in Tennessee. The ordering and shipment of the goods constituted interstate commerce, and the obligation to pay and the right to recover the amount due, according to the contract pursuant to which the goods were sent, arose in the course of that commerce. In *International Text Book Co.* v. *Pigg*, 217 U. S. 91, 107, this Court quoted with approval the language of the Circuit Court of Appeals for the Eighth Circuit, speaking by Judge Sanborn, in *Butler Bros. Shoe Co.* v. *United States Rubber Co.*, 156 Fed. 1, 17,[2] a case of consignments to a factor, that "all interstate commerce is not sales of goods. Importation into one State from another is the indispensable element, the test, of interstate commerce; and every negotiation,

---

[2] Certiorari was denied by this Court. 212 U. S. 577.

contract, trade, and dealing between citizens of different States, which contemplates and causes such importation, whether it be of goods, persons, or information, is a transaction of interstate commerce." Such commerce comprehends all the component parts of commercial intercourse between different States, and, according to established principle, any state statute which obstructs or lays a direct burden on the exercise of the privilege of engaging in interstate commerce is void under the commerce clause. *Crutcher* v. *Kentucky,* 141 U. S. 47, 57; *Western Union Telegraph Co.* v. *Kansas,* 216 U. S. 1, 27; *Dahnke-Walker Milling Co.* v. *Bondurant,* 257 U. S. 282, 290, 291. Accordingly, when a corporation goes into a State other than that of its origin to collect, according to the usual or prevailing methods, the amount which has become due in transactions in interstate commerce, the State cannot, consistently with the limitation arising from the commerce clause, obstruct the attainment of that purpose. *Sioux Remedy Co.* v. *Cope,* 235 U. S. 197, 204.

In the case last cited, it was recognized that a foreign corporation seeking to enforce such a right in the courts of a State may be required to conform to the prevailing modes of proceeding in those courts and to submit to the usual rules respecting costs, the giving of security therefor, and the like. But the Court, examining the conditions imposed by the state statute, which were similar to those of the provisions here in question, found that they had " no natural or reasonable relation to the right to sue which they are intended to restrict "; that the statutory requirements relating to the appointment of a resident agent upon whom process might be served was particularly burdensome because it required the foreign corporation to subject itself to the jurisdiction of the courts of the State in general, as a prerequisite to suing in any of them even in a single instance. The Court said that in that way corporations engaged in interstate commerce could " be

subjected to great embarrassment and serious hazards in the enforcement of contractual rights directly arising out of and connected with such commerce." See, also, *International Text Book Co.* v. *Pigg, supra,* at pp. 112, 114; *Buck Stove Co.* v. *Vickers,* 226 U. S. 205, 215, 216; *Dahnke-Walker Milling Co.* v. *Bondurant, supra.*

We are of the opinion that the provisions of the statutes of Arkansas, as applied in this case, are in conflict with the commerce clause.

*Judgment reversed.*