LAWYERS CO-OPERATIVE PUBLISHING COMPANY, Appellant, v. BAUER, Respondent.

(244 N. W. 327.)

(File No. 7374.   Opinion filed September 27, 1932.)

*Franklin P. Matz*, of Huron, for Appellant.
*Maurice McKee*, of Rapid City, for Respondent.

WARREN, J. Plaintiff corporation brought this action against the defendant for a balance due on the purchase price of several shipments of law books. Defendant in his answer to plaintiff's complaint denied indebtedness and possession alleging that the books were in the hands of plaintiff's attorney, having been sold at sheriff's sale for the nonpayment of taxes, and pleaded noncompliance with our statutory provisions relating to foreign corporations.

The plaintiff, at the trial, by the deposition of Ezra Hale, secretary of the plaintiff corporation, introduced in evidence, by way of exhibits, the statement of defendant's account, the amended certificate of incorporation of the plaintiff corporation with verification, which was accompanied by copies of the orders signed by defendant, certificates of filing in the office of the register of deeds, and the express shipment statements, together with two letters written to defendant by plaintiff corporation acknowledging the orders from defendant placed through their soliciting agent; that the orders were taken by their soliciting agent at Colome, S. D., were filed with the register of deeds in the county of Tripp, S. D.; that upon receipt of said order the same was approved at Rochester, N. Y., and the books were shipped express prepaid from Rochester, N. Y., to the defendant.

At the close of the plaintiff's case during the trial, defendant moved that the court direct a verdict in favor of the defendant and against the plaintiff upon several grounds, and, particularly, that there was no evidence that plaintiff had complied with sections 8902 to 8903, 1919 S. D. Revised Code, relating to foreign corporations within the state, and by its failure to comply became amenable to the provisions of section 8909 of said Code. The court, after argument, directed the jury to so find for the defendant. Judgment for defendant by direction of the court was thereupon entered on the verdict of the jury. Plaintiff thereafter perfected its appeal to this court.

The only point presented by this appeal for consideration is that the plaintiff, a New York corporation, had not complied with the requirements of the foreign corporation laws of the state of

South Dakota and therefore could not maintain this action. Plaintiff contends that the transaction was one of interstate commerce, and that it was not required to comply with our sections 8902 and 8903, 1919 Revised Code.

· [1, 2] The question presented for our consideration appears to be: Was this a transaction of interstate commerce? The question being federal in its nature, it is dependent upon the interpretation of the Federal Constitution upon which the judicial determination of the Supreme Court of the United States is final. In defining interstate commerce in the case of Furst & Thomas v. Brewster, 282 U. S. 493, 51 S.Ct. 295, 296, 75 L.Ed. 478, the court, quoting from a prior decision, said: " 'Importation into one state from another is the indispensable element, the test, of interstate commerce; and every negotiation, contract, trade, and dealing between citizens of different states, which contemplates and causes such importation, whether it be of goods, persons, or information, is a transaction of interstate commerce.' Such commerce comprehends all the component parts of commercial intercourse between different states, and, according to established principle, any state statute which obstructs or lays a direct burden on the exercise of the privilege of engaging in interstate commerce is void under the commerce clause."

Under the undisputed evidence in this appeal, the sale was for goods solicited and ordered within this state from a corporation of another state, and shipped into South Dakota. It is clear to us that the contract of sale was one for shipments of goods in interstate commerce.

This court has relative to such transactions held that, if the transaction was one of interstate commerce, the foreign corporation law would have no application. Trans-Mississippi Grain Co. v. Spracher, 47 S. D. 262, 197 N. W. 686. Again, in Dakota Photo Engraving Co. v. Woodland, 59 S. D. 523, 241 N. W. 510, 511, this court definitely adhered to the above rule of law, and said: "Shipping merchandise from one state to another upon orders of soliciting agents constitutes commerce between the states, and a foreign corporation engaged in making such shipments is not subject to conditions imposed by a state as a prerequisite to its transacting business within the state. Leisy v. Hardin, 135 U. S.

100, 10 S. Ct. 681, 34 L. Ed. 128; Sioux Remedy Co. v. Cope, 235 U. S. 197, 35 S. Ct. 57, 59 L. Ed. 193; Dahnke-Walker Milling Co. v. Bondurant, 257 U. S. 282, 42 S. Ct. 106, 66 L. Ed. 239; see Annotation, 60 A. L. R. 994."

The trial court erred in directing the verdict in favor of the defendant.

The order and judgment appealed from are reversed.

CAMPBELL, P. J., and POLLEY, ROBERTS, and RUDOLPH, JJ., concur.