## LITTLE v. ARMSTRONG MFG. CO.

### No. 1330.

Court of Civil Appeals of Texas. Waco.

March 2, 1933.

Rehearing Denied March 30, 1933.

Grover C. Morris and Joe L. Hill, both of San Antonio, for plaintiff in error.

R. L. House, of San Antonio, for defendant in error.

STANFORD, Justice.

The defendant in error, Armstrong Manufacturing Company, brought this suit against John L. Little on five notes for $541.90 each; three of said notes had certain credits upon them and two of said notes had no credits. The suit does not appear to be on a contract or the order of sale marked Exhibit 6, but was on the five notes above mentioned, which notes were given in Tampa, Fla., and fully set out in the defendant in error's petition. The Armstrong Manufacturing Company alleged that the consideration for the notes was machinery ordered shipped from Waterloo, Iowa, to Tampa, Fla., and that said notes were given for an interstate transaction. Nowhere in the petition did the defendant in error allege or set out any contract other than the notes sued upon. The plaintiff in error, John L. Little, in his first amended original petition, alleged that defendant in error, Armstrong Manufacturing Company, was a foreign corporation and did not have the right to bring this suit because it was transacting business in the state of Texas in violation of the law, and also pleaded payment of said notes. The plaintiff in error, John L. Little, also in open court, acting through and by his attorney, waived his plea of payment. There was introduced in evidence the five notes sued upon and an order by John L. Little addressed to the Armstrong Manufacturing Company at Waterloo, Iowa, which provided that the machinery was to be shipped to Tampa, Hillsboro county, state of Florida, and it was to be received by the

purchaser, John L. Little, and that the said John L. Little was to pay freight charges from Waterloo, Iowa, to Tampa, Fla., and was to pay $400 before the machinery was loaded, and $800 in cash upon delivery, and the balance was to be represented by said notes. This order addressed to the Armstrong Manufacturing Company at Waterloo, Iowa, was made subject to the approval of said company at Waterloo, Iowa. The record further shows the machinery was shipped from Waterloo, Iowa, to Tampa, Fla., and the notes sued on were given or signed by John L. Little in Tampa, Fla., and made payable in Tampa, Fla. On motion of the Armstrong Manufacturing Company, the court instructed a verdict in favor of the defendant in error against the plaintiff in error, John L. Little, and rendered judgment for Armstrong Manufacturing Company against John L. Little in the sum of $1,974.30, together with interest on the sum of $1,794.82, being the amount of principal and interest of the notes sued upon at the rate of 8 per cent. per annum, compounded annually from date until paid, and $179.48 at the rate of 6 per cent. per annum from date until paid and all costs of suit.

### Opinion.

 It is true that an order given in the state of Texas to an Iowa corporation for machinery to be shipped to Florida, as in this case, constitutes interstate commerce. It is further true the Texas statute (Vernon's Ann. Civ. St. arts. 1529, 1536) requiring a foreign corporation to obtain a permit to do business in Texas, before it has a right to sue in this state, is not applicable to interstate commerce, as involved in this case.

Exhibit 6 of the statement of facts which the plaintiff in error, John L. Little, admitted he signed, and also admitted that it was the only written instrument that was signed, shows that the order was for machinery to be shipped from Waterloo, Iowa, to Tampa, Fla., as it provides that John L. Little was to pay the freight charges from Waterloo, Iowa, to Tampa, Fla. The order was addressed to the Armstrong Manufacturing Company, Waterloo, Iowa, and the original forwarded to Armstrong Manufacturing Company, and taken subject to its approval. Therefore, it seems to be conclusive that it was approved at Waterloo, Iowa. However, that is immaterial because in any event, whether approved in Iowa or in Texas, it is interstate commerce. Western Cartridge Co. v. Emmerson, 281 U. S. 511, 512, 50 S. Ct. 383, 74 L. Ed. 1004. The case just cited involves the question of interstate commerce and has the following headnote: "The acceptance of orders for a product to be shipped to other states and foreign countries, and what is subsequently done in filling them, become component parts of interstate or foreign commerce." Dahnke-Walker Mill. Co. v. Bondur-

ant, 257 U. S. 282, 290, 42 S. Ct. 106, 66 L. Ed. 239, 243; Flanagan v. Federal Coal Company, 267 U. S. 222, 225, 45 S. Ct. 233, 69 L. Ed. 583, 584. For other authorities bearing on this issue, see Lemke v. Farmers' Grain Company, 258 U. S. 50, 42 S. Ct. 244, 66 L. Ed. 458; Palmer v. Æolian Co. (C. C. A.) 46 F.(2d) 746; Furst & Thomas v. Brewster, 282 U. S. 493, 51 S. Ct. 295, 75 L. Ed. 478.

It will thus be seen that the United States Supreme Court, as well as other federal courts, hold that a purchase in one state for delivery in another is interstate commerce, and that it is not necessary for a foreign corporation to comply with the state statutes to be able to maintain a suit in the state courts, as, in so far as said state statutes attempt to regulate interstate commerce or lay a direct burden on the exercise of the privilege of engaging in interstate commerce, it is void under the Commerce Clause of the Constitution of the United States (article 1, § 8, par. 3). Asher v. State of Texas, 128 U. S. 129, 9 S. Ct. 1, 32 L. Ed. 368.

██ Not only is it true that the decisions of the United States Supreme Court, which of course are binding on all state courts, in regard to what is interstate commerce and what laws are applicable thereto, holding cases like the one at bar to be interstate commerce and not subject to state statutes, but the courts of Texas have consistently held a transaction similar to the one at bar, to be interstate commerce and not amenable to the Texas statutes, even though the corporation did other business in Texas. Texas & Pac. Ry. Co. v. Davis, 93 Tex. 378, 54 S. W. 381, 55 S. W. 562. See, also, Southern Discount Company v. Rose (Tex. Com. App.) 296 S. W. 482, 483; Alexander Film Company v. Lazeres & Morfesy (Tex. Civ. App.) 7 S.W.(2d) 599, 601; Italy Cotton Oil Co. v. Southern Cotton Oil Co. (Tex. Civ. App.) 13 S.W.(2d) 438, 439, and cases there cited.

In 9 Tex. Jur. 274, § 9, it is said: "A sale, the parties to which are from different states, and which necessarily involves the transportation of goods from one state to another, is a transaction of interstate commerce, whether the contract of sale be made in the one state or the other." Moronery Hdwe. Co. v. Goodwin Pottery Co. (Tex. Civ. App.) 120 S. W. 1088, 1091.

The United States Supreme Court, in York Manufacturing Co. v. Colley, 247 U. S. 21, 27, 38 S. Ct. 430, 432, 62 L. Ed. 963, 966, 11 A. L. R. 611, involving a contract to change his ice plant to Texas and to supervise installation thereof, held that the same was interstate commerce, and the court said: "That which is intrinsically interstate and immediately and inherently connected with interstate commerce is entitled to the protection of the Constitution of the United States resulting from that relation."

■ Since the written instrument marked Exhibit 6 clearly shows that the machinery was ordered by addressing Armstrong Manufacturing Company, Waterloo, Iowa, and taken subject to the approval of said company at Waterloo, Iowa, and since John L. Little was to pay the freight charges from Waterloo, Iowa, to Tampa, Fla., there seems to be no doubt that the transaction, as shown by the written contract, was interstate commerce, and not subject to the Texas statute. No parol evidence given by John L. Little could vary the terms of this written order. There was no pleading to authorize such variation. We think clearly that this case involved interstate commerce, and that the trial court was correct in so holding. If said machinery was bought by the Armstrong Manufacturing Company at Fort Worth, Tex., but was so bought for the purpose of shipment to Tampa, Fla., and same was so shipped, the entire transaction became, and was, interstate commerce.

The record shows clearly that John L. Little waived whatever right he might have had to plead or prove payment, because in open court his attorney informed the court that he would waive said plea of payment and would not, and did not, introduce any evidence on that point.

Having considered all of the questions raised in this case and finding no error, we think said cause should be, and is hereby, in all things affirmed.