NATI ᴵᴸ ᴱᴿ, ET ALS.

*vs.*

## MICHAEL A. CONNOR, COMMISSIONER OF MOTOR VEHICLES.

Superior Court . New Haven County File No. 57489

MF᠊ 'ORANDUM FILED AUGUST 29, 1939.

*Woodr᠊᠊ʳ & Klein,* of New Haven, for the Plaintiffs.

*Francis A. Pallotti,* Attorney General; *Frank J. DiSesa* and *Richard F Corkey,* Assistant Attorney Generals, for the Defendant.

QUINLAN, J. This matter came before me in chambers on an application for a temporary injunction. A lengthy discussion of facts is not required because of the nature of the proceedings and of the conclusion I come to and because the office of a temporary injunction is often to preserve the *status quo*. The controversy arises from the following statute (Public Acts of 1939, chapter 329): "Section 545c of the 1935 supplement to the general statutes is amended by adding the following: 'Every person, who shall bring any used motor vehicle into this state, for the purpose of sale or resale, except a trade-in on a new or used motor vehicle, shall, before offering such motor vehicle for sale, and within ten days from the date of entry into the state, and, after such vehicle has passed the inspection required in this section, register separately each such used motor vehicle with the commissioner of motor vehicles. The commissioner shall require from such person a description of the make, year of model, style, motor number, condition of such used motor vehicle, together with proof of title of the vendor thereto and of freedom from liens thereon and the payment of a fee of ten dollars on each such registration, no such registration to be transferable. No action to recover any such used motor vehicle, or any part of the selling price thereof, shall be maintained in the courts of this state by any vendor of a used motor vehicle or his successors or assigns unless there has been a compliance with the provisions of this section'."

The chief contention of the defendant is that this statute imposes no duties of enforcement upon the commissioner of motor vehicles. The statute uses the word "require" in connection with certain information and the prescribed fee from a person bringing a used motor vehicle into the state for the purpose set forth in the statute. This furnishes the nub of the situation at this point of the proceedings. The cases of *Sioux Remedy Co. vs. Cope,* 35 U. S. 197, 204 and *Furst vs. Brewster,* 282 U.S. 493, 498, hold that a penalty similar to the one imposed here may constitute an undue burden upon interstate commerce. To avoid the penalty stated in the act, namely, the deprivation of civil remedies in the courts of the state to enforce the obligations incurred by a purchaser of a vehicle not registered as the act requires, involves the pursuit of the steps set forth in the statute. It will be possible to obtain a hearing upon the merits of this case very shortly. The defendant offered no evidence in this proceeding except as certain information was elicited by cross-examination of state em-

ployees called by the plaintiff. I appreciate that the court, after such a hearing, may feel that there is an adequate remedy at law in the way of setting up the constitutional objections to any proceeding involving the collection of the penalty, but the burdensome effect on interstate commerce which is involved in preventing an action to recover for such used motor vehicle or any part of the selling price thereof in the courts of this state warrants me, at this time, in preserving the *status quo*. I cannot lose sight of the fact either that a Federal constitutional court composed of Judges Clark, Goddard and Hincks, while dismissing the proceeding before them because of lack of jurisdiction, expressed grave doubts as to the constitutionality of the statute quoted.

A temporary injunction may issue.