BROWN *v.* BAILEY *et al.*

(*Knoxville*, September Term, 1940.)

Opinion filed February 3, 1941.

R. W. KEMMER, of Chattanooga, for W. R. Brown.

CHARLES H. LIVENGOOD, JR., and JETER S. RAY, both of Nashville, and GERARD D. REILLY, IRVING J. LEVY, and

ROBERT S. ERDAHL, all of Washington, D. C., *amicus curiae* for Phillip B. Fleming, administrator of the Wage and Hour Division, United States Department of Labor.

FRAZIER & ROBERTS, of Chattanooga, for defendant in error.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

This is a suit brought under section 16(b) of the Fair Labor Standards Act of 1938, Title 29, U. S. C. A., Section 216(b), to recover alleged minimum wages, together with an equal amount as liquidated damages and for allowance of attorney's fees.

The defendant, Miss Mae Bailey, is a licensed wholesale liquor distributor in Tennessee, with warehouse and business in the City of Chattanooga. It was stipulated in the case that the whisky handled by defendant is purchased outside of the State of Tennessee, shipped to the defendant's wholesale house in Chattanooga, Tennessee, and by her sold to licensed dealers in the State of Tennessee; that part of this whisky is sold in broken packages and part in the original unbroken packages in which it was shipped to defendant from outside the State; that by original unbroken package is meant a pasteboard carton containing either 12, 24, or 48 bottles of whisky, in quarts, pints or half-pints.

The plaintiff, W. R. Brown, was employed by defendant as a night watchman at defendant's warehouse in Chattanooga, where the liquor was stored.

The theory of the declaration in that case is that the liquor stored in the defendant's warehouse was moving in interstate commerce and that he, as watchman at this

warehouse, is entitled to the benefits provided for by the Fair Labor Standards Act, as to wages and hours. The theory of defendant is that the liquor came to rest at her warehouse in Chattanooga, Tennessee, and thereafter moved exclusively in intrastate commerce; that defendant, as night watchman, was not, therefore engaged in commerce within the intent and meaning of the above-mentioned act.

The trial judge found the issues in favor of defendant and dismissed the suit. On plaintiff's appeal in error to the Court of Appeals, the judgment of the trial court was affirmed. Plaintiff has filed his petition for *certiorari* in this court and assigns errors.

 Under the facts of this case we are of the opinion that the interstate character of the shipment of liquor from other states than Tennessee to defendant at Chattanooga, Tennessee, ended upon delivery to the consignee at her warehouse at Chattanooga. *Nashville, C. & St. L. R. Co.* v. *Wallace,* 288 U. S., 249, 53 S. Ct., 345, 77 L. Ed., 730, 87 A. L. R., 1191; *State ex rel.* v. *City of Jackson,* 172 Tenn., 119, 110 S. W. (2d), 323. The liquor came to rest in defendant's warehouse and that was the journey's end, unless she could find a purchaser therefor within the boundaries of Tennessee. Neither the defendant, the shippers nor the carriers, at the time of shipment of the liquor from points of origin arranged a destination for any part thereof other than defendant's warehouse in Tennessee. Defendant was not a broker placing orders for liquor outside the State to be shipped to her for forwarding in the original packages to the purchasers. The liquor did not flow in an unbroken stream of interstate commerce through defendant's warehouse to the retailer.

Defendant's method or flow of business did not restrict

sales to unbroken original packages. On the contrary, as found by the Court of Appeals: "That in filling orders the liquor was distributed in the original packages, unless the order called for a broken case or carton, in which case the original package was broken and a sufficient number of bottles withdrawn to fill the order. The retail orders consisted of different quantities and brands."

What constitutes interstate commerce is not a technical legal conception, but a practical matter to be determined upon a broad consideration of the substance of the whole transaction. *United States* v. *Erie Railroad Co.,* 280 U. S., 98, 50 S. Ct., 51, 74 L. Ed., 187; *Dozier* v. *Alabama,* 218 U. S., 124, 30 S. Ct., 649, 54 L. Ed., 965, 28 L. R. A. (N. S.), 264; *Swift & Co.* v. *United States,* 196 U. S., 375, 25 S. Ct., 276, 49 L. Ed., 518.

We have examined the authorities cited by counsel for plaintiff and by counsel for the Administrator of the Wage and Hour Division, United States Department of Labor, as *amicus curiae,* in support of the petition for *certiorari,* and find them distinguishable on their facts from the instant case. Our conclusion is that *certiorari* must be denied.