BURTON EXPLOSIVES, Inc., v. STRIDER et al.—158 S. W. (2d) 731.

Middle Section.   November 1, 1941.

Petition for Certiorari denied by Supreme Court, February 7, 1942.

W. P. Cooper, of Nashville, for appellants, Strider et al.
Manier & Crouch, of Nashville, for appellee, Burton Explosives, Inc.

CROWNOVER, P. J.   This is a suit to collect $2,416.65, the balance due of the purchase price of an interstate shipment of dynamite.

The defendants contended that the transaction was not one in interstate but intrastate commerce, and that the complainant could not maintain this suit because it was a foreign corporation that had not complied with the Tennessee law as to domestication by filing its charter, etc., and because it had failed to pay excise and franchise taxes and privilege licenses, as required by statute, before engaging in business in this State.   The defendants further contended that the order for this shipment was a part of a general or "blanket" contract that was made in Tennessee, therefore it was a Tennessee contract.

The Chancellor found and held that this particular shipment was an interstate shipment, for which the complainant was entitled to recover, regardless of whether it was also engaged in intra-state business or whether it was duly qualified to transact business in Tennessee, and that the "blanket" order was one in interstate commerce; and he rendered decree in favor of the complainant Burton Explosives, Inc., against T. M. Strider and E. A. Wood, individually and doing business as E. A. Wood & Company, for $2,416.65, with interest from the date of the filing of the bill, May 27, 1938, $439.80, making a total of $2,856.45.

The defendants excepted to said decree and appealed to this court and have assigned errors, all of which raise only one determinative proposition—whether the transaction was interstate commerce.

Burton Explosives, Inc., was an Ohio corporation, organized in 1930, engaged in manufacturing and selling explosives, including dynamite,

fuses, etc., with its principal office in Cleveland, Ohio, and its mill or factory located at Coverts, Pennsylvania.

In December, 1930, it employed Lawrence D. Nuchols as sales agent. The contract entered into between them provided that all sales made by Nuchols should be subject to the approval of Burton.

The complainant rented and equipped an office in Nashville for the use of Nuchols.

It constructed three magazines in Tennessee—one at Nashville—for the storage of explosives, in each of which it kept a stock of the value of about $5,000.

Some of the sales made by Nuchols, to the defendants and others, were filled from these magazines.

Burton Explosives did not file its charter with the Secretary of State of Tennessee or pay any corporation taxes or privilege licenses.

T. M. Strider and E. A. Wood were partners engaged in business as highway contractors under the firm name of E. A. Wood & Company.

In January, 1931, Nuchols, the salesman, obtained an order of some sort from E. A. Wood & Company for dynamite in the amount of about $10,000. The order is not in the record. The order was mailed by Nuchols to the Burton Explosives, Inc., Cleveland, Ohio, on January 16, 1931. It appears from the correspondence between Nuchols, Burton Explosives, Inc., of Cleveland, Ohio, E. A. Wood & Company, of Nashville, and the Hermitage Portland Cement Company, of Nashville, that E. A. Wood & Company agreed to purchase from Burton Explosives $10,000 of dynamite that should be delivered to the Hermitage Portland Cement Company, of Nashville, Tenn., and that Company should deliver cement to E. A. Wood & Company in payment for same, the price of the dynamite to be standard market prices at the time shipments were made.

On June 15, 1932, E. A. Wood & Company gave Nuchols an order for about $3,000 worth of dynamite—the dynamite involved in this suit—to be shipped to the Hermitage Portland Cement Company, Mimms, Tenn.

Nuchols called the Cleveland, Ohio, office on the telephone and gave it the order, confirming the same by letter.

The Explosives Company accepted the order and transmitted it to the factory, sending a copy of the factory order to E. A. Wood & Company.

On June 27, 1932, the Burton Explosives' mill at Coverts, Pa., delivered the dynamite (two truck loads) to the Fleming Transfer Company, consigned to the Hermitage Portland Cement Company, Mimms, Tenn.

It was charged to E. A. Wood & Company, Nashville, Tenn., and invoice was mailed to them, showing the total amount $3,198.52 "F. O. B. Del'd."

J. S. Burton, president of Burton Explosives, testified that these goods were sold f. o. b. the plant with freight allowed.

On January 16, 1933, E. A. Wood & Company mailed a check for $1,150 to Burton Explosives' attorneys to be applied on their account, agreeing to pay the balance in thirty and sixty days.

The complainant applied $368.13 to previous accounts and $781.87 on this invoice, leaving due $2,416.65.

On E. A. Wood & Company's ledger sheet with Burton Explosives appears an item of $46.96, dated July 28, 1932, which is a later charge than the shipment herein involved, but the complainant does not sue for this amount.

This ledger sheet shows that between the dates March 28, 1931, and July 28, 1932, E. A. Wood & Company purchased from complainant about $12,000 worth of dynamite, etc.

1. This shipment was clearly in interstate commerce. The defendants in Tennessee sent an order to complainant in Cleveland, Ohio, for goods to be shipped from Pennsylvania to Tennessee, and shipment was so made. Furst v. Brewster, 282 U. S., 493, 51 S. Ct., 295, 75 L. Ed., 478; United States v. Erie Railroad Co., 280 U. S., 98, 50 S. Ct., 51, 74 L. Ed., 187.

The shipment of goods from one state to another in fulfillment of a contract of sale where the parties required or contemplated such shipment is interstate commerce. U. S. Const., art. 1, sec. 8, cl. 3; State ex rel. v. Southern Oil Serv., Inc., 174 Tenn., 232, 237, 124 S. W. (2d), 704; Jorgensen-Bennett Mfg. Co. v. Knight, 156 Tenn., 579, 3 S. W. (2d), 668, 60 A. L. R., 393; Reaves Lbr. Co. v. Cain-Hurley Lbr. Co., 152 Tenn., 339, 279 S. W., 257; Palmer v. Aeolian Co., 8 Cir., 46 F. (2d), 746, 750; Kansas City Structural Steel Co. v. Arkansas, 269 U. S., 148, 46 S. Ct., 59, 70 L. Ed., 204; Dahnke-Walker Mill Co. v. Bondurant, 257 U. S., 282, 42 S. Ct., 106, 66 L. Ed., 239; 15 C. J. S., Commerce, p. 298, sec. 26; 11 Am. Jur., 45, sec. 46.

"What constitutes 'interstate commerce' is not a technical legal conception, but a practical matter to be determined upon a broad consideration of the substance of the whole transaction." Brown v. Bailey, 177 Tenn., 185, 147 S. W. (2d), 105.

A shipment from a point in one state to a point in another state is an interstate shipment and governed by federal statutes and federal decisions interpreting such statutes. U. S. C. A., notes under Title 49, sec. 1(2), p. 34.

"Importation into one state from another is the indispensable element, the test, of interstate commerce; and every negotiation, contract, trade, and dealing between citizens of different states, which contemplates and causes such importation, whether it be of goods, persons, or information, is a transaction of interstate commerce." Butler Bros. Shoe Co. v. United States Rubber Co., 8 Cir., 156 F., 1, 17.

■ The state statutes in regard to foreign corporations have no application to interstate commerce. Furst v. Brewster, 282 U. S., 493, 51 S. Ct., 295, 75 L. Ed., 478. Accordingly, when a corporation goes into a State other than that of its origin to collect, according to the usual or prevailing methods, the amount which has become due in transactions in interstate commerce, the State cannot, consistently with the limitation arising from the commerce clause, obstruct the attainment of that purpose. Sioux Remedy Co. v. Cope, 235 U. S., 197, 204, 35 S. Ct., 57, 59 L. Ed., 193; Furst v. Brewster, supra.

2. The defendants contend that the complainant was doing an intrastate business, and introduced evidence to show that it was engaged in intrastate as well as interstate business. But this fact does not prevent it from recovering on this interstate shipment.

The complainant, in maintaining magazines within this State to store goods for sale, was doing an intrastate business, subjecting it to liability for taxes, etc. Sealed Power Corp. v. Stokes, 174 Tenn., 493, 497, 127 S. W. (2d), 114, and cases cited.

But a foreign corporation, although transacting intrastate business in Tennessee with various people, without complying with the statutes, is not precluded by reason of its failure to comply with such statutes from suing in the State courts on a contract constituting interstate business. Lloyd Thomas Co. v. Grosvenor, 144 Tenn., 347, 233 S. W., 669.

■ The fact that a business having aspects of both interstate and intrastate operations is conducted by a single corporation does not make the entire business either interstate commerce or intrastate commerce, but its character is determined by the particular transactions involved. 15 C. J. S., Commerce, p. 281, sec. 18; Foster & Kleiser Co. v. Special Site Sign Co., 9 Cir., 85 F. (2d), 742.

The fact that the complainant was also doing an intrastate business, without complying with the Tennessee statutes, cannot affect its right to maintain a suit to collect for this interstate shipment.

■ The fact that some of the sales by the Explosives Company to the defendants were from the Tennessee storage plants, and therefore intrastate business, does not prevent the Explosives Company from collecting for this interstate shipment. Hollingshead Co. v. Baker, 4 Tenn. App., 362; Lloyd Thomas Co. v. Grosvenor, 144 Tenn., 347, 233 S. W., 669.

3. The defendants contend that the order for this shipment was a part of a "blanket" contract for $10,000 of explosives, entered into in Tennessee, and was therefore a Tennessee contract.

We think the contention is not well made. It appears from the evidence that this contract was first discussed in Tennessee but was finally accepted by the Cleveland, Ohio office, after correspondence between the three companies as to its terms.

■ ■ A contract for goods to be shipped from another state is interstate commerce as to the goods shipped from the other state, but

is intrastate as to that part of the goods shipped from the Tennessee storage plants.

"If the element of transportation between the states is present, a sale of goods is universally held to constitute interstate commerce, regardless of which state the agreement of sale was entered into." 11 Am. Jur., 38, sec. 40.

"Purchases of goods within a state, may form part of transactions in interstate commerce, for if transportation is incidental to a sale, it is immaterial which comes first. Thus, where goods are purchased in one state for transportation to another, the purchase is interstate commerce quite as much as the transportation, provided, it seems, there are circumstances demonstrating with certainty the destination of the goods." 11 Am. Jur., 41, sec. 42; Dahnke-Walker Mill Co. v. Bondurant, 257 U. S., 282, 42 S. Ct., 106, 66 L. Ed., 239.

"The negotiation of sales of goods which are in other states, for the purpose of introducing them into the state in which the negotiation is made, is interstate commerce and cannot be interfered with, regulated, or taxed by the state in which the negotiation was made, even though there is no discrimination between such business and domestic commerce." 11 Am. Jur., 44, sec. 45.

All of the defendants' assignments of errors are overruled. It results that the decree of the Chancellor is affirmed. A decree will be entered in this court in favor of Burton Explosives, Inc., against T. M. Strider and E. A. Wood, individually and doing business as E. A. Wood & Company, and the surety on their appeal bond for $2,856.45, with interest from June 9, 1941, to the present, together with the costs of the cause including the costs of the appeal.

Felts and Howell, JJ., concur.

## On Petition for Additional Finding of Facts.

CROWNOVER, P. J.   This case is again before us on a petition for additional finding of facts.

■   This Court is required to find only the ultimate material facts upon which the opinion is predicated. With this point in view we have read said petition and the reply thereto and also our original opinion, and we are of the opinion that this petition should be denied, as our original opinion covers all the material determinative facts of the case, and it is unnecessary for us to again take up each particular fact requested to be found and discuss it in detail.

Howell and Felts, JJ., concur.