## BERNSTEIN et al. v. FEDERAL TRADE COMMISSION.

### No. 13104.

United States Court of Appeals
Ninth Circuit.
Dec. 29, 1952.

Carl J. Mooslin, Los Angeles, Cal., for petitioner.

W. T. Kelley, Gen. Coun., James W. Cassedy and Jno. W. Carter, Jr., Atty., F. T. C., Washington, D. C., for respondent.

Before MATHEWS, HEALY, and BONE, Circuit Judges.

HEALY, Circuit Judge.

This is a proceeding to review and set aside a cease and desist order of the Federal Trade Commission based on findings of petitioner's having engaged in deceptive acts and practices in interstate commerce in violation of the Federal Trade Commission Act, 15 U.S.C.A. § 41 et seq. Substantially, the charge was that in operating a collection agency the petitioner falsely represented his business status for the purpose of obtaining information of a personal nature from delinquent debtors which, but for the false representation, the debtors would not have supplied. Petitioner does not challenge the findings, but attacks only the conclusion of the Commission that his business is in commerce.[1] It is accordingly necessary to describe his business and the method of carrying it on, as indicated in the findings.

Petitioner operates a collection agency under the name of Affiliated Credit Exchange and he uses also for certain purposes the name Business Research. His principal office is at Los Angeles. One way in which he secures business is through solicitors who travel in various states—mostly far western states—and solicit accounts for collection. These solicitors are independent contractors who receive a stated sum for each account which through their efforts is assigned to petitioner for collection. The creditors reside in California and in other states. Petitioner furnishes the solicitors with assignment contract forms and forms for listing each account assigned. The accounts are against debtors residing in California or in states other than California, and each is listed on a blank form showing the name of the debtor, address, amount and nature of the debt, etc. This listing sheet is then attached to the contract of assignment, and the creditor thereupon executes the contract assigning the accounts so listed to the petitioner for collection on a commission basis. The contract having been delivered to the solicitor, the latter mails it to petitioner at Los Angeles.

Thus petitioner receives through interstate channels business from clients residing in states other than California. The

1. As stated in his brief, petitioner's position is that "the use of such double post-cards, although misleading in nature, are not used in commerce and unless facts can be shown whereby petitioner's entire business could be adjudicated as being in interstate commerce, the Federal Trade Commission lacks jurisdiction to issue any binding order upon petitioner."

debtors concerned, in turn, may reside almost anywhere. Petitioner secures his business through the mails and carries it forward in the same manner. He receives money from debtors located in states other than California and transmits it, less his commission, to creditors who are also elsewhere than in California. Often he receives money from creditors representing his commission on debts paid direct to the creditor. These creditors, many of them, are located in states other than California.

In these ways the petitioner regularly uses the channels of interstate communication. His activities, while not trade in the ordinary sense, are a species of commerce and constitute commerce within the meaning of that term as used in the Constitution and in the Federal Trade Commission Act. Cf. International Text Book Company v. Pigg, 217 U.S. 91, 30 S.Ct. 481, 54 L.Ed. 678; Furst v. Brewster, 282 U.S. 493, 51 S.Ct. 295, 75 L.Ed. 478; N. L. R. B. v. Bank of America, 9 Cir., 130 F.2d 624, 626; Rothschild v. Federal Trade Commission, 7 Cir., 200 F.2d 39.

The practices banned by the Commission are likewise in commerce. These are carried on for the purpose and in the manner now to be described. If a debtor has not responded or if there is indication that he has moved, petitioner attempts to locate him by use of what is commonly known as a double postcard. One card is addressed to the debtor and the return card is addressed to petitioner under the name of Business Research, Washington, D. C. These cards petitioner mails in bulk to his agent in Washington, D. C., and the latter mails the card to the individual debtors so that the communication will bear the Washington postmark. Naturally the cards go to addressees in various parts of the country.

The message addressed to the debtor states that "to enable us to complete our records it is necessary that you furnish the information requested on the attached card. Do this at once and mail to us." The reply part is designed to be detached, filled out, signed and mailed by the debtor. The matter on which information is to be given is stated in the latter card under

various headings, including the name of the "subject" (in other words, the debtor), his address, his employer and the latter's address, debtor's monthly salary, whether he owns his home or car, whether married, and if so does the spouse work, number of dependents, etc. In other ways the return card simulates forms commonly used for statistical purposes. The Washington address serves as a sort of clincher for the general implication that the inquiring party is engaged purely in business research or possibly even in the compilation of official statistics. Under this pretext the petitioner gets information which helps him materially in his business of collecting bad debts.

The whole matter being clearly within the jurisdiction and competence of the Commission, its order is affirmed.