**COASTAL STATES GAS PRODUCING COMPANY et al.**

v.

**PRODUCING PROPERTIES, INC., et al.**

Civ. A. No. 2054.

United States District Court
S. D. Texas,
Corpus Christi Division.

April 12, 1962.

Fischer, Wood, Burney & Nesbitt, Tracy N. DuBose, Corpus Christi, Tex., for plaintiffs.

Thompson, Knight, Wright & Simmons, Morris Harrell, Dallas, Tex., and Marshall Boykin, Corpus Christi, Tex., for defendant Producing Properties, Inc.

Perkins, Floyd, Davis & Oden, Kenneth Oden, Alice, Tex., for defendant S. H. Howell.

GARZA, District Judge.

This case was originally filed in the 79th Judicial District Court of the State of Texas, and was subsequently removed by the Defendant Producing Properties, Inc., to this Court.

On November 1, 1958, the Plaintiffs, Coastal States Gas Producing Company and Southern Coast Corporation (the former a Delaware corporation qualified to transact business in the State of Texas, with its office and principal place of business in Corpus Christi, Texas; the latter being a Texas corporation with its office and principal place of business in Corpus Christi, Texas) entered into a written gas purchase contract with one S. H. Howell, a citizen of Texas. The said S. H. Howell later assigned his interest in said contract to the Defendant Producing Properties, Inc.

The contract involved in this controversy provided for arbitration in case any dispute arose between the parties. A dispute did arise and the Defendant Producing Properties, Inc., by letter, invoked arbitration in accordance with the arbitration provision of the contract. After receipt of said letter invoking the arbitration provision of the contract, the Plaintiffs filed this suit in the State Court and secured a temporary restraining order restraining and enjoining the Defendant Producing Properties, Inc., from invoking, or attempting to invoke, the provision of arbitration in said contract, alleging that the arbitration provision in said contract was against public policy and void under the Texas law.

In said suit, the Plaintiffs also are seeking monetary damages from the Defendant Producing Properties, Inc. The amount sought is in excess of $10,000.00. This suit was also brought against S. H. Howell, who has not joined in the petition for removal and is a nominal party only, for no relief is sought as against him by the Plaintiffs.

The Defendant Producing Properties, Inc., is also a Delaware corporation qualified to transact business in the State of Texas, with its office and principal place of business in Dallas, Texas. So, on the record, there is no diversity of citizenship between the Plaintiffs and the Defendant Producing Properties, Inc.

The Defendant Producing Properties, Inc., in its petition for removal, has stated

that this Court has original jurisdiction under the provisions of Title 28 U.S.C.A. § 1331(a), and that they could remove to this Court pursuant to the provisions of Title 28 U.S.C.A. § 1441(b), in that it appeared from Plaintiffs' original petition filed in the State Court that this is a civil action arising under the laws of the United States, namely, Title 9 U.S.C.A., and specifically Section 2 thereof, and that the amount in controversy exceeded the sum of $10,000.00, exclusive of interest and costs.

After removing the case to this Court, the Defendant filed its answer, and also a motion to stay the proceedings until arbitration has been had in accordance with the terms of the contract, under the authority granted in 9 U.S.C.A. § 3.

The Plaintiffs have countered with a motion to remand, alleging that this Court does not have jurisdiction since the Defendant has not shown any provision giving this Court jurisdiction of the subject-matter of the controversy. They say that the mere fact that the contract in question has within it a provision for arbitration, is not sufficient to confer jurisdiction on this Court, and specifically point out that Title 9 U.S.C.A. § 4, in and of itself limits the scope of the Arbitration Act and requires that there be jurisdiction separate and apart from the arbitration statute. Included within Section 4 is the following language:

"A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any court of the United States which, save for such agreement, would have jurisdiction under the judicial code at law, in equity, or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement."

The Defendant agrees that the Federal Arbitration Act under Title 9 U.S.C.A., does not contain independent grounds for jurisdiction in the United States District Court, but maintains that it is a law within the meaning of 28 U.S.C.A. § 1331, and that there is a substantive right created by the interstate commerce clause of the Constitution. It is their contention that Section 1331(a) of Title 28 U.S.C.A., gives jurisdiction to this Court over cases arising under the laws and statutes of the United States.

The Plaintiffs have cited to the Court the case of Krauss Bros. Lumber Co. v. Louis Bossert & Sons, Inc., 62 F.2d 1004, in which the Court's opinion was delivered by Justice Learned Hand. In that case the plaintiff was a Washington corporation and the defendant a New York corporation. The parties had entered into a contract containing an arbitration clause, for timber to be shipped from Seattle to New York. Suit was brought in the Federal District Court to compel arbitration, and an order to this effect was granted. The case was appealed, and the Court of Appeals affirmed the decision of the District Court. In discussing the case before the Court, Justice Hand said, at page 1006:

"We have no doubt that the District Court had jurisdiction over the suit. A difficulty might arise if jurisdiction depended only upon the fact that the contract 'involved commerce,' that is, required shipment from one state to another; but the statute does not rest the court's power on that ground. Therefore, we need not consider the scope of the doctrine of such cases as Sioux Remedy Co. v. Cope, 235 U.S. 197, 35 S. Ct. 57, 59 L.Ed. 193; Furst v. Brewster, 282 U.S. 493, 51 S.Ct. 295, 75 L.Ed. 478; Dahnke-Walker Milling Co. v. Bondurant, 257 U.S. 282, 42 S.Ct. 106, 66 L.Ed. 239; Flanagan v. Federal Coal Co., 267 U.S. 222, 45 S.Ct. 233, 69 L.Ed. 583. The text is entirely clear that the court must be one 'which, save for such agreement, would have jurisdiction * * * of the subject matter.' Section 4 of title 9 USCA. The remedy is not even coextensive with the jurisdic-

tion; for instance, the controversy may arise between citizens of different states, and the contract not 'involve commerce.' A citizen of New Jersey may enforce arbitration against a citizen of New York upon a contract of sale which requires him to ship the goods from Newark to Manhattan, but not upon one where they are to go from Manhattan to the Bronx. *Conversely, a citizen of New York may not come to the District Court to enforce arbitration against another citizen of that state, though the goods must be shipped across a state line.* In the case at bar both conditions were fulfilled; the parties were citizens of different states, and performance involved an interstate shipment." (Emphasis ours.)

With the language of Justice Hand, above quoted, this Court agrees.

Even though the evidence presented to this Court shows clearly that the contract in question showed an intent on the part of the parties to engage in interstate commerce, there is no other independent ground conferring jurisdiction on this Court. If we read Section 4 of Title 9 U.S.C.A., we find that the Defendant in this case, Producing Properties, Inc., could not have come into this Court to maintain an original action to enforce arbitration. By removal, on the grounds that Title 9 is involved, they seek to give this Court jurisdiction, when, as said, under Title 9 they could not have originally proceeded in this Court to seek what they now ask.

This Court holds that the Federal Arbitration Act, which is Title 9 of U.S. C.A., is not such a law as contemplated under 28 U.S.C.A. § 1331(a), and of itself does not confer jurisdiction on this Court. There must be an independent basis for jurisdiction in order for this Court to enforce an arbitration agreement.

It is this Court's opinion that the Arbitration Act preempts State law, and if the State court finds that this was a contract involving interstate commerce, as this Court finds, then it becomes the duty of the State court to enforce the arbitration agreement.

Plaintiffs' motion to remand will be granted. Defendant's motion to stay thus becomes moot.

Clerk will notify counsel, and counsel for Plaintiffs will prepare an appropriate order in accordance with this memorandum opinion.